IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

### WESTERN DISTRICT.
### OPELOUSAS, SEPTEMBER, 1840.

---

LAMBERT *vs.* FRANCHEBOIS ET AL.[*]

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF
ST. LANDRY, JUDGE BOYCE OF THE SIXTH DISTRICT PRESIDING.

WESTERN DIST.
*September*, 1840.

LAMBERT
*vs.*
FRANCHEBOIS
ET AL.

The paraphernal property of married women is not bound for the debts
contracted by the husband while at the head of the community : neither
are the fruits liable, when the wife administers her own property.

A sale by the husband to the wife, when made for replacing her dotal and
paraphernal property or effects, is valid in law, particularly when no
fraud and collusion is alleged.

A sale from husband to the wife, for *replacing her dotal and paraphernal*
*effects*, should not be attacked, unless on the ground of fraud and
collusion.

This is an injunction to stay a seizure under execution.
The sheriff seized under execution, which issued on a

---

\* Judge GARLAND did not sit in the first sixteen cases in the Western
District, at Opelousas. He was sworn in and took his seat on the 23d
September, 1840. On that day, Judge SIMON withdrew for the remainder
of the term at Opelousas, having been counsel in all the other causes which
were tried. Judge BULLARD did not get to Opelousas this term, being
detained in travelling; but went on to Alexandria, and met the court there.

1      VOL. XVI.

WESTERN DIST.
September, 1840.

LAMBERT
vs.
FRANCHEBOIS
ET AL.

judgment obtained by David Simmons against Pierre Joubert, husband of the plaintiff, and one J. N. Franchebois, his surety, seven bales of cotton and a horse, which the plaintiff alleges is her separate, paraphernal property, and was pointed out to the sheriff by Franchebois, who was one of the defendants in the execution.

The plaintiff alleges that the property seized is paraphernal, of which she had the administration, and is not liable for her husband's debts. She prays that the sale be enjoined, and that she have judgment for damages against Franchebois, for his malicious conduct in this case.

The defendant pleaded the general issue, and prayed that the injunction be dissolved, with damages.

The evidence fully showed that the property seized, especially the cotton, was raised by the plaintiff's own slaves on her land; and that she had, by notarial act between her and her husband, resumed the administration of her own separate property, which she had inherited from her parents.

There was judgment perpetuating the injunction, and decreeing the property under seizure to belong to the plaintiff. The defendant appealed.

*T. H.* and *W. B. Lewis,* for the plaintiff, contended, that the judgment should be confirmed. · The facts of the case show that the plaintiff ought to recover. She shows in support of her claim an act passed between herself and husband, the 23d July, 1838, by which the property brought by her into marriage is set off to her; and other property sold and delivered to her by her husband, in payment of the portion of her inheritance, which he had received in cash. She had the control and sole administration of all her own property.

2. She exhibits papers from the probate office, to show what her paraphernal property was, and also the testimony of witnesses. Upon this evidence we will raise but one question of law, which is, that the act from Joubert, the plaintiff's husband, settles and fixes her rights, and gives a good and valid title to the land, slaves and other property claimed by her, so far as it was not her's by inheritance. *Louisiana Code* 2420 and 2421.

WESTERN DIST.
*September*, 1840.

LAMBERT
*vs.*
FRANCHEBOIS
ET AL.

*Splane* and *Linton,* for the defendant, insisted that the seizure in this case was properly made, and the judgment of the District Court should be reversed.

2. Because the debt which was sought to be collected against Joubert, was a community debt, and all the property of both husband and wife, so long as the same remained in community, was bound for its payment.

N. B. This debt was created before the contract between husband and wife.

3. The husband cannot transfer to the wife his own property, or that of the community, for the purpose of replacing her dotal or other effects, by a contract before a notary, before the amount of her claim is established by a court of competent jurisdiction, contradictorily with the creditors.

4. If the paraphernal property be administered by the wife, or set aside to her by contract, the revenues arising from such property must be applied to the payment of the marriage charges, community, &c., and may be seized and sold to satisfy a community debt. *Louisiana Code,* 2362, *et seq.;* *Idem.,* 2409, and authorities there referred to.

*Lewis,* in reply :

1. If the wife who administers her paraphernal property be bound to contribute to support the marriage charges, this may give an action to creditors to compel such contribution, but does not authorize a seizure of the fruits of her paraphernal property to pay a debt of the husband. *Louisiana Code, article* 2366.

2. There is no evidence showing the debt, on which the judgment was rendered against Joubert, was contracted for marriage charges, and if there were, such debt cannot be collected by seizure of the wife's property, without first obtaining judgment against her.

3. The community consists only of the fruits of the effects *administered by the husband,* &c., and not of the fruits of paraphernal property *administered by the wife;* *Louisiana Code,* 2371 : which last are not liable to be seized to satisfy the debts of the husband.

WESTERN DIST.
September 1840.

LAMBERT
vs.
FRANCHEBOIS
ET AL.

4. The sale of July 23, 1838, is valid in law ; was made for a legal consideration, as is proved in the record, and is not even alleged to be fraudulent.  *Louisiana Code*, 2421.

*Simon J.*, delivered the opinion of the court.

Plaintiff states, in her petition, that an execution having issued against her husband at the suit of one David Simmons, the sheriff seized seven bales of cotton and a horse, which she claims as her property.  She further alleges, that said cotton was made on her land by the labor of her slaves, and was ginned at her own expense ; that the land and slaves are her paraphernal property, whereof she has the legal administration.  She prays for injunction and for damages, and that said injunction be made perpetual.  Defendants plead the general issue, and that the injunction may be dissolved.  The district judge rendered judgment perpetuating the injunction, and one of the defendants appealed.

The evidence shows that the judgment, by virtue of which the execution issued, was rendered on the first of December, 1838 ; that on the 23d of July preceding, the plaintiff, by a notarial act, resumed the administration of her paraphernal estate, which consisted in a plantation, slaves, horses, cattle &c., and a certain sum of money ; all which she had inherited from the estates of her parents.  All the acts relative to the estate of her father are produced.  The same authentic act contains also a sale or transfer of certain property from the husband to the wife, in payment, and as the replacing of the amount which he had received in her right from the estate of her father.  It is further shown, that the cotton seized was made on her land, and raised by her slaves ; and that the horse is her property.

It is contended by the appellant : 1. That the debt, being a community one, created before the contract between husband and wife, all the property of both is bound for its payment.

2. That the husband cannot transfer his own property to his wife, or that of the community, for the purpose of replacing her dotal or other effects, before the amount of her

claims is established contradictorily with the creditors: And 3d. That if the paraphernal property is administered by the wife, the revenues arising therefrom must be applied to the payment of the marriage charges.

I. It is perfectly clear, that the paraphernal property of a married woman is not bound for the debts contracted by the husband; and, that the fruits, proceeding from such property, do not belong to the community, unless the wife permits the husband to administer it. *Louisiana Code, articles 2363 and 2371.*

II. It is necessary to remark, that the defendant's answer contains no allegation of fraud, or collusion between the parties to the act. The law authorizes the wife to withdraw from her husband the administration of her paraphernal estate, whenever she thinks proper to do so; *Louisiana Code, article 2364*: and it cannot be doubted, that a sale or transfer of property, made by a husband to his wife, is valid in law when it has been made for the replacing of her dotal or other effects, particularly when no fraud and collusion is urged against it: *Louisiana Code, article 2421.* In this case, there is satisfactory proof that the sale in question was made for a legal and valuable consideration, and we cannot see any reason why the husband's creditors should be permitted to attack it, unless it be on the ground of fraud and collusion.

III. The defendant has not shown that the debt, to satisfy which the seizure complained of had been made, was contracted for marriage charges; and, had such evidence been adduced, we are not ready to say that it could have authorized a seizure of the fruits of the plaintiff's paraphernal property. This circumstance might entitle the creditors to an action to compel a contribution on the part of the wife, and then only after judgment obtained against her, could her property be seized to satisfy such debt.

We are of opinion that the district judge did not err in perpetuating the injunction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST. *September*, 1840.

LAMBERT
*vs.*
FRANCHEBOIS
ET AL.

The paraphernal property of married women is not bound for the debts contracted by the husband while at the head of the community; neither are the fruits liable when the wife administers her own property.

A sale by the husband to the wife, when made for replacing her dotal and paraphernal property or effects, is valid in law, particularly when no fraud and collusion is alleged.

A sale from husband to the wife for replacing her dotal and paraphernal effects, should not be attacked unless on the ground of fraud and collusion.