SUCCESSION OF MARIE S. VIAUD, deceased wife of LOUIS C. FAURIE— CHARLES FAURIE et al. *v.* LOUIS E. FAURIE.

The omission to inventory the community property, will not annul or suspend the usufruct established in favor of the surviving spouse, by the Act of 25th of March, 1844.

The community is entitled to the enjoyment of the property and effects belonging to the husband at the time of the marriage, and owes no recompense for the diminution in value of such effects by reason of such enjoyment.

Furniture and other movables brought into marriage, if they still exist *in specie*, may be taken out at the dissolution of the community by the husband who brought them, but he is not entitled to credit for their value at the date of the marriage. If they have perished, the husband must bear the loss. If they have been alienated, upon showing that the proceeds went into the community, the husband can charge the sum to the community.

C. C. 536, 550, 559, 2371.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*J. & E. Bermudez*, for plaintiffs and appellants. *Dufour*, for defendant.

SPOFFORD, J. The plaintiffs are children of the defendant, by his wife, *Marie Segonde Viaud*, who died in New Orleans on the 13th of March, 1852.

The defendant, who was common in property with his deceased wife, did not open her succession, or cause any inventory to be made, but continued to enjoy the entire estate which the spouses formerly possessed, and nearly all of which belonged to the community, and none of which belonged to the wife, either as dotal or extra-dotal property.

In September, 1854, the plaintiffs, setting forth some of these facts, prayed that a public inventory be taken of the property of their deceased mother. An inventory of the community was taken and homologated. The plaintiffs then, alleging that their father had administered their mother's estate since her decease, as *negotiorum gestor*, and dilapidated the same, prayed that he be ruled to file an account of his administration, so as to show the exact amount of the succession fallen to them from their mother.

Under an order of court, the defendant filed an account which the plaintiffs opposed on numerous grounds. This appeal was taken by them from a judgment overruling their opposition.

1. They complain that in his account, the defendant did not charge himself with the revenues, or rents and income of the common property, since the death of his wife. To this he answers, that by the Act of March 25, 1844, (p. 99,) "relative to community property," he was the legal usufructuary of his wife's share in the community, from the moment of her death, and, as such, he had a right to reap the revenues and is not bound to account for them to her heirs, the children of their marriage. And such is the law. C. C. 536. "The right of the survivor to the usufruct of the inheritance, attaches at the same moment that the right of property accrues in favor of the heirs." *Succession of Bringer*, 4 Ann. 395.

It seems to be contended in this court, although such a ground was not laid in the opposition under this head, that inasmuch as the usufruct established by the Act of March 25, 1844, must be governed by the rules of the Code relative to usufructs in general, the neglect of the defendant to have an inventory made of the property comprised in the usufruct, should entail upon him

38

the loss of the revenues, as a penalty. Article 550 of the Code requires an inventory as a preliminary step to obtaining possession of the property subject to the usufruct. But here the defendant was already in possession of right, and this possession continued after the death of his wife. Until a partition, he had a right to remain in possession. The inheritance of the plaintiffs was only of an undivided half of the community estate after all its debts were paid. It is true, an inventory should have been taken. But we have been referred to no law which declares that the omission of this formality shall annul or suspend the usufruct established in favor of the surviving spouse, by the Act of March 25, 1844. We cannot declare such a penalty. "Ainsi, la loi n'ayant prononcé aucune peine, les tribunaux n'ont pas le droit d'en créer une: c'est au nu-propriétaire de s'opposer à la jouissance de l'usufruitier, tant que les formalités voulues ne sont pas remplies." 2 Marcadé, p. 481.

2. The opposition founded upon the adjudication of certain movables of the community to the defendant, at the price estimated in the inventory, was abandoned on the oral argument in this court.

3. The attorney's and notary's fees occasioned by the opening of the succession of *Marie Segonde Viaud*, at the instance of her heirs, were properly chargeable to that succession.

4. There was error, as contended by the appellant, in overruling the opposition of plaintiffs, to the item of $605 02, charged by the defendant against the community for certain blacksmith's tools and household furniture, which were his separate goods at the date of the marriage, about thirty years since, but which have disappeared, having been alienated, lost, or worn out by use. The community is entitled to the enjoyment of the property and effects belonging to the husband at the time of the marriage. See C. C. 2371. The community owes no recompense for the diminution in value of such effects by reason of said enjoyment. Furniture and other movables brought into marriage, if they still exist *in specie*, may be taken out at the dissolution of the community, by the husband who brought them; but he is not entitled to credit for their value at the date of the marriage. *Depas* v. *Riez*, 2 An. 44. If they have perished, the husband must be the loser; for *res perit domino*. If they have been alienated, upon showing that their proceeds went into the community, the husband can charge that sum to the community. But there is no evidence to authorize such a charge in the present case.

In this particular, the judgment must be amended.

5. We concur with the District Judge in the opinion, that a forfeiture of the usufruct granted to the defendant by the Act of March 25, 1844, has not been established. If he could be required to give bond in favor of his children, (upon which point it is not necessary now to express an opinion,) still the delay to do so does not deprive him of the profits which have been due to him from the moment the usufruct accrued. C. C. 559. An inventory has now been made according to law, and the effect of a delay in this formality, has already been considered. The allegation of waste has not been proved. And the fact that the defendant has been guilty of living with a concubine, however reprehensible it may be, has not been declared by the Legislature to be a ground for arresting the usufruct created by the Act of March 25, 1844.

It is therefore ordered and decreed, that the judgment of the District Court be so amended, as to strike from the defendant's account, the item of $605 05, (to wit, $239 05, for *outils de forge*, and $366, for *meubles meublans*,) charged

as a debt of the community lately existing between the defendant and his <span style="float:right">SUCCESSION OF VIAUD.</span> wife, *Marie Segonde Viaud.* And it is further ordered and decreed, that in other respects the said judgment be affirmed; the defendant and appellee paying the costs of the opposition in both courts.