### UNITED STATES v. BURGLASS.
#### No. 12528.

United States Court of Appeals
Fifth Circuit.
Feb. 25, 1949.

Melva M. Graney, George A. Stinson, and Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., J. Skelly Wright, U. S. Atty., and N. E. Simoneaux, Asst. U. S. Atty., both of New Orleans, La., and Robert M. Weston, of Washington, D. C., for appellant.

Edward Rightor, of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

This suit was brought by appellee in the court below to recover the amount of a

deficiency income tax assessment which he paid for the fiscal year ending June 30, 1942. The income on which the assessment was levied was received by the appellee from a trust to which he bears a dual relationship, being one of its trustees as well as one of its beneficiaries. The question involved is whether, under Louisiana law, that income constitutes his separate income, taxable to him, as the Commissioner of Internal Revenue determined, or constitutes income to the community existing with his wife, taxable one half to him, as the appellee treated it. The lower court found for appellee, holding the income to be community income and returnable one half by the appellee and one half by his wife. From a judgment in favor of the appellee, the Government prosecuted this appeal.

The facts were stipulated and are not in dispute. Appellee's father and mother were residents of Louisiana, as is appellee himself. The mother died in February 1940, leaving a will under which one third of her property was bequeathed to her husband and the remaining two thirds to her four children, share and share alike. The father died in February 1941, leaving a will under which all of his property was bequeathed in trust to the four children, share and share alike, the trust to be administered by three trustees, of whom the taxpayer was one, and provided that in all matters concerning the trust the vote of the majority of the trustees should prevail. In June 1941, the children entered into a trust agreement to supplement the provisions of the testamentary trust, and, under this agreement, the properties inherited from the mother were placed under the provisions of the testamentary trust. During the tax year, the taxpayer, with two others as trustees, administered the properties subject to the trust and distributed the income therefrom. Appellee received, as one of the four beneficiaries, $21,947.73. He and his wife treated this as community income, one half of which was reported by him, the other half by his wife. The correctness of the Commissioner's ruling against this apportionment is the bone of contention in this suit.

■ The status of the income, whether separate income of the appellee or community income of appellee and his wife is governed by Louisiana law. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Bender v. Pfaff, 282 U.S. 127, 51 S. Ct. 64, 75 L.Ed. 252. The applicable articles dealing with separate and community property under the Civil Code of Louisiana are set forth in footnote.[1]

---

[1] "2334 [2314]. Separate and common property of spouses.—The property of married persons is divided into separate and common property.

"Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.

\* \* \* \* \* \*

"Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared. But when the title to community property stands in the name of the wife, it can not be mortgaged or sold by the husband without her written authority or consent. [As amended, Acts 1912, No. 170; 1920, No. 186.]"

"2385 [2362] (N 1577). Wife failing to administer paraphernal property—Management by husband.—The paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband.

"2386 [2363] (N 1578). Fruits of paraphernal property—Ownership—Reservation by wife.—The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by a written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a notary public and two witnesses and duly recorded in the conveyance records of the parish where the community is domiciled.

"If there is no community of gains, each party enjoys, as he chooses, that which comes to his hand; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them. [As amended, Acts 1871, No. 87; 1944, No. 286, § 1.]"

As originally adopted, this article read: "When the paraphernal property is administered by the husband, or by him

Under art. 2399, every marriage contracted in Louisiana superinduces of right a partnership or community of acquets and gains. According to art. 2402, "This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact," the presumption being, upon dissolution of the marriage, art. 2405, that "all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately or which they have respectively inherited."

The community property system in Louisiana is derived from French and Spanish sources[2] under which the fruits and issues of the separate property of the spouses fell into the community. Until the year 1944, the codal provisions of Louisiana allowed the wife the fruits and issues of her separate property only where it was administered by her separately and alone;[3] where her separate property was administered by the husband, or by both of them indifferently, the fruits and issues of such property fell into the community. R. C. C., art. 2386.

These modifications, however, in the Louisiana Code, of the general rule of French and Spanish law, with respect to income from the wife's separate property did not affect the general rule with respect to the fruits and issues of the husband's separate property: In the derivative Louisiana law as well as in its source, they fall into the community. Something more than a hundred years ago, the Supreme Court of Louisiana in Depas v. Riez, 2 La. Ann. 30, 44, applying art. 2371 of the Civil Code of 1825, now art. 2402 of the Civil Code of 1870, stated:

"The community is entitled to the enjoyment of all the property and effects belonging to the husband at the time of the marriage."

This principle is expressly reaffirmed in Viaud's Succession, 11 La.Ann. 297, Succession of Cormier, 52 La.Ann. 876, 27 So. 293, and Succession of Provost, 190 La. 30, 181 So. 802. In Trorlicht v. Collector of Revenue, La.App., 25 So.2d 547, 551, the court said:

" * * * counsel point [to] what they seem to think is the inequality in the provisions of the Code that all of the fruits of the husband's separate property fall into the community whereas in the case of the

---

and the wife indifferently, the fruits of his property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exists a community of gains. If there do not, each party enjoys, as he chooses, that which comes to his hand; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the thing which produced them."

"2402 [2371] (N 1401). Property forming community—Personal injuries to wife.—This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * *"

"2404 [2373] (N 1421, 1422). Husband master of community—Gratuitous and fraudulent conveyances.—The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife. * * *"

"2405 [2374] (N 1402). Community presumed on dissolution of marriage.—At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess, are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited."

[2] 19 Tulane Law Review, 204, 205.

[3] Rogge's Succession, 50 La.Ann. 1220, 23 So. 933; Miller v. Handy, 33 La. Ann. 160; Succession of Pinard v. Holten, 30 La.Ann. 167; Rowley v. Rowley, 19 La. 557; and Lambert v. Franchebois, 16 La. 1.

wife the fruits fall into the community only if the husband has had a hand in the administration of the separate property. We shall not enter into a discussion of the wisdom or the fairness of these provisions. *All that we can say is that it is obvious that the framers of the Code did just what counsel complain of.* If there is anything unfair in the articles on the subject we are powerless to remove the inequality."[4] (Emphasis supplied.)

The provision of art. 2402, that the community consists of the profits (fruits) of all of the effects of which the husband has the administration and enjoyment, was written by the compilers of the Louisiana Civil Code with knowledge that under other codal provisions the husband was placed at the head of the community, as the managing partner, C. C., art. 2404; hence, of right and in fact, he had the administration and enjoyment thereof, and, as owner, he had the right of full control in the management and enjoyment of his own property.

In 1944, the Legislature of Louisiana, by Act 286 of that year, amended art. 2386 of the Civil Code, and that article now provides that the mere retention of administration of her separate property by the wife is not enough to make the fruits and profits from such property her separate property: Under that act she must execute a written instrument before a Notary Public and two witnesses and, moreover, record this instrument in the conveyance records of the parish where the community is domiciled. Unless she complies with these formalities, the fruits from her separate property will fall into the community even though she administer the property separately and alone. Under Louisiana law, as now written, the fruits and issues of the separate properties of the spouses fall into the community, the sole exception being where the wife has executed and placed of record a written instrument in accordance with the requirements of the 1944 act.

The Trust Act of 1938, Act No. 81 of 1938, makes it lawful for anyone to make a donation mortis causa in trust of any kind of property and to designate trustees to administer the same. It provides the manner in which property set aside in trust shall be administered, the circumstances under which the res may be sold by the trustees, or any change made in the trust funds, and fixes the duration of the trust with the limitation that its duration shall not exceed ten years, dating from the death of the testator, except when the beneficiary is a minor at the time of the testator's death, in which event its duration may be for ten years after the minor attains majority but no longer. The act further provides in what circumstances courts may appoint trustees, prescribes powers, compensation, and duties of such officers and for their removal in case of delinquency. Title I, § 3, makes plain that the act shall not affect forced heirship. It provides:

"Nothing in this Act shall be construed as affecting the law in regard to forced heirship, save that it shall be permissible under this Act for a settlor to create a trust upon the legitime or any portion thereof of his forced heir. The legitime or any portion thereof in trust shall be fully subject to the applicable provisions of this Act, provided that the income therefrom may not be accumulated but shall be paid not less than once a year to the person entitled thereto, notwithstanding any provision to the contrary in the terms of the trust."

While the act states that a trust shall be created when a person, in compliance with the provisions of the act, transfers the legal title to property to a trustee in trust for the benefit of himself or a third person, the provision does not change the Louisiana law of inheritance; and, under that law, as stated by the court below, appellee and his coheirs became, by operation of law, the owners in indivision of a portion of the properties at the instant of the death of the mother and of the balance of the properties at the instant of the death of the father. The interest inherited from the father was transmitted to them subject to the terms of the testamentary trust. After the probation of the father's will creating the trust, ownership of the property was in the appellee and his coheirs, but the legal title was in the trustees, the

---

[4] See also Daggett's Community Property System of Louisiana, (1931), p. 31, wherein the learned author states: "The fruits of the separate property of the husband fall into the community if there is one, regardless."

964

trustees holding the property for the benefit of the appellee and his coheirs (cestuis que trust).

The Government argues that the appellee, being one of the three trustees, did not administer either of right or in fact; that the trustees administered in an official capacity; hence, appellee did not have the administration and enjoyment of the trust property necessary to convert the income to community property under Art. 2402 of the Civil Code. We think it clear that, in the exercise of his rights, the trustee must administer the res, to the exclusion of the owner (cestui que trust); hence, the law constitutes the trustee, in effect and with respect to the right of ownership, the agent or representative of the owner, imposing upon him the obligation of an administrator. The Trust Act requires the trustee to take due care of the property entrusted to him and to discharge faithfully his obligation as trustee. Failing in either or both, the owner (cestui que trust) may call him to account and hold him responsible in damages. As between the beneficiary and the trustee, the trustee has the actual administration, but his administration is for and on behalf of and for the account of the beneficiary; his acts, therefore, are the acts of the beneficiary. As the receipt of fruits, issues, or profits constitutes enjoyment, we think the husband-beneficiary had the administration and enjoyment, in law and in fact, of the effects of the trust estate.

The judgment appealed from is correct. Accordingly it is affirmed.