56 So.2d 841 (1951)
220 La. 473
CONEY
v.
CONEY (three cases).
No. 40018.
Supreme Court of Louisiana.
December 10, 1951.
Rehearing Denied January 14, 1952.
Mary Purser, Carroll Buck, Amite Fred G. Benton, George Mathews, Baton Rouge, for appellant.
James T. Burns, Covington, Ponder & Ponder, Amite, for plaintiff-appellee.
MOISE, Justice.
This appeal, taken in the closing stage of the divorce suit between Nancy Callan and Walton B. Coney, brings their litigation before us for the fourth time. See: Coney v. Coney, 215 La. 667, 41 So.2d 497, wherein we affirmed an award of alimony pendente lite made by the district court; Coney v. Coney, 217 La. 246, 46 So.2d 258, wherein we recalled a writ of certiorari involving the amount of an appeal bond; and Coney v. Coney, 218 La. 218, 48 So.2d 902, wherein we denied defendant's motion to dismiss the appeal on the ground that the transcript had not been timely filed, nor had the appeal bond been timely furnished.
The issue now presented is the value of the community estate. The lower court recognized Walton B. Coney and Nancy Callan Coney as owners in indivision of the lot and building of the Coney Equipment Company and found that the community estate was indebted unto the separate estate of Walton B. Coney to the extent of the book value thereof, in the sum of $46,000.00. In addition, the court found that the community was insolvent and indebted further to the separate estate of the husband, in the amount of $5,097.48, and that Nancy Callan Coney was a debtor of the community in the amount of $5,200.00, representing the value of a diaond *842 ring and luggage acquired during the marriage and in her possession at its dissolution, and alternatively awarded judgment for that amount against her and in favor of the husband, should she fail to return the same. From the judgment rendered, Nancy Callan Coney has appealed.
It is well settled that the husband may make a valid gratuitous donation of community movables to the wife, whereupon they become her separate property. Article 1746, R.C.C.; Burns v. DeBakey. La.App., 186 So. 374; Succession of Byrnes, 206 La. 1026, 20 So.2d 301. Since Mr. Coney himself testified that he had made a gift of the diamond ring to his wife during the marriage, the same no longer constituted a part of the community but became her separate property. However, he did not so testify concerning the luggage, but merely declared that it had been purchased with his separate funds (q.e.d.) and had been removed from the State by Mrs. Coney; the latter offered no evidence in rebuttal, and we see no reason to overrule this portion of the judgment.
The finding of insolvency was based on an independent audit made, on stipulation of counsel for both sides, by Mr. Hannis T. Bourgeois, Certified Public Accountant of Baton Rouge.
The audit consists of: (1) "Comparative Balance Sheets" of W. B. Coney, Roseland, La., as of July 15, 1945 (the date of the marriage with Nancy Callan) and as of March 23, 1948 (the date of dissolution of the community theretofore existing between them); (2) "Reconcilement of Second Community Estate" as of the latter date, showing the indebtedness of $5,097.48 aforesaid but also an increase in the separate estate of Walton B. Coney of $8,074.41; and (3) "General Comments" of the auditor. The stipulation for the audit contained a provision that neither party would be bound thereby; and in his answer to the appeal of Nancy Callan Coney, Walton B. Coney has asked that the amount of the indebtedness of the community to his separate estate be increased to $27,485.75, by placing a valuation of $20.00 per thousand feet stumpage on separate timber utilized by the community, in lieu of the cost figure of $13.38 employed by Mr. Bourgeois but in conformity with the then market value of said stumpage.
We have no fault to find with the audit as an audit; but we cannot accept it as conclusive proof of the value of the community estate of Nancy Callan Coney and Walton B. Coney. Rather, it is a highly condensed statement of the latter's operations on a "going concern basis" (to use the language of his regular accountant, Augustus A. Harmon, who also testified in the case). Hannis T. Bourgeois, the courtappointed auditor, stated that the final figure of minus $5,097.48 is simply income during the period of the marriage, less losses from sales, less sale of separate timber, less drawings, less taxes; that it was compiled from previous audits and reports made by Messrs. Harmon & Durham, the regular accountants; and that he, Bourgeois, had checked only such books, records, timber deeds, tax records, income tax returns, bank statements and deposit accounts as had been necessary to verify the reports of Harmon & Durham. Mr. Harmon testified that such audits had been made up so that Mr. Coney would have a financial statement for banking purposes, and that they were not made for the purpose of determining the value of the communitythat they took the estate as a whole and had not separated community from separate. He was corroborated by Mr. Bourgeois' testimony that "no distinction was made between separate and community property." Regardless of the merits of these audits for tax and banking purposes, they cannot be substituted for the procedure by which the value of a community estate can be established.
It is impossible for this court to make any determination as to the value of the community from the record as presented. A study of the testimony leads to the conclusion that there was an almost inextricable commingling of separate and community funds. There being a legal presumption in favor of the community, the burden of proving the separate derivation of any property acquired lies with the spouse asserting the same. Articles 2402, 2405, R.C.C.; Fleming v. Fleming, 211 La. *843 860, 30 So.2d 860; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396; Cameron v. Rowland, 215 La. 177, 40 So.2d 1. With regard to immovables, the proof required on the part of the husband is even more strict: in order that property purchased by the husband during marriage should become his separate property, he should, in the act of purchase, make the double declaration, first, that it is bought with the proceeds of a sale of property belonging to himself individually; second, that the purchase is made for the purpose of replacing individual property which he had sold; and the use of only one of these two declarations is insufficient. Sharp v. Zeller, 110 La. 61, 34 So. 129; Succession of Andrus, 131 La. 940, 60 So. 623.
We observe certain incongruities by way of illustration but not limitation: notes totalling a face value of $39,000.00, antedating the marriage, were discharged during its existence, as was a judgment for unemployment payments approximating $1,425.00 plus interest, also incurred prior to the marriage, but there is nothing to indicate the source of the funds used in payment; (2) although the stock of Bernard Lumber Company, Inc., was purchased during the marriage and sold for $8,435.31, the community was given credit only for the net profit of $935.31, notwithstanding the separate derivation of the $7,500.00 purchase price was not proven; (3) payment was made during the marriage of income tax deficiencies of Walton B. Coney for 1943-44, totalling $5,363.61, and there is a presumption that said payment was effected with community funds; (4) although the house and grounds of the Coney residence, the husband's separate property, received improvements, the community was not credited for their enhanced value, Succession of Singer, 208 La. 463, 23 So.2d 184; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502; (5) there is nothing in the record to justify the finding that the community is indebted to the separate estate of the husband for the full book value of the building of Coney Equipment Company.
For the reasons assigned, the judgment appealed from is affirmed insofar as it decrees an absolute divorce a vinculo matrimonii between the litigants, and affirmed insofar as it finds that Nancy Callan Coney is indebted unto the community for the value of the luggage in her possession ($200.00); in all other respects, it is annulled, reversed and set aside; the ownership of the diamond ring valued at $5,000.00 is confirmed to Nancy Callan Coney by donation from her husband during the marriage; otherwise the case is remanded for the taking of further evidence (including the true value of the stumpage utilized by the community and belonging to the husband's separate estate) in conformity with the views herein expressed, and for further proceedings according to law. Appellee to bear all costs of this appeal, and all other costs to await the final disposition of the case.