Wallace & Stinson, Benton, for defendant-appellant.

Myers, Gatti & Egan, Shreveport, for plaintiff-appellee.

McCALEB, Justice.

When this case was called for argument, appellant, John E. Love, neither appeared nor did he file a brief in support of his appeal. Consequently, he is presumed to have abandoned it. See Grand Lodge of the State of Louisiana, Knights of Pythias, v. Natchitoches Lodge, 215 La. 300, 40 So.2d 472; Core Bros. v. F. J. J. Sloat Dredging Co., 220 La. 169, 55 So.2d 904, and cases there cited.

The appeal is dismissed.

**66 So.2d 803**

**MATTHEWS v. HANSBERRY.**

No. 41210.

July 3, 1953.

Lansing L. Mitchell, New Orleans, for plaintiff-appellant.

Taylor Caffery, New Orleans, for appellee.

LE BLANC, Justice.

On November 29, 1951, Straight Matthews, plaintiff herein, brought suit against Morena Hansberry, his wife, defendant herein, for a divorce on the grounds of having lived separate and apart for two years. He also prayed that an inventory be taken of community property, that said community be dissolved, the community property partitioned and that he be recognized as being entitled to an undivided one-half interest therein. On May 7, 1952, after trial on the merits, judgment was signed granting plaintiff a divorce.

On June 16, 1952, plaintiff filed another petition setting forth the divorce, setting up the community assets, and asking for a partition by licitation of certain movables and further for judgment in his favor for $1,435.07, representing his share of an obligation owed the community by the wife's separate estate. After the introduction of evidence by both sides concerning the money judgment the case was submitted. No evidence was introduced concerning the movables or their value. In fact, the Court was informed that an agreement had been reached concerning the movables. After submission, there was judgment in favor of plaintiff for the sum of $200. An appeal was taken by plaintiff to this Court and by him perfected in due time.

From the foregoing statement it is apparent that the amount in controversy at the time the case was submitted to the district court was $1,435.07, an amount insufficient to give this Court jurisdiction. Constitution of 1921, Art. VII, Sec. 10.

On May 6, 1953, after the appeal had been lodged in this Court, defendant-appellee filed a motion to dismiss the appeal because of lack of jurisdictional amount. On May 18, 1953, plaintiff-appellant filed a motion stating that the appeal was inadvertently taken to this Court and asked for an order to transfer the appeal to the Court of Appeal for the Parish of Orleans, which is proper.

For these reasons, and by virtue of the authority vested in this Court by LSA–R.S. 13:4441, 13:4442, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans within thirty days after this decree becomes final; otherwise the appeal to stand dismissed. Costs of this appeal and of transferring the case to the Court of Appeal are to be paid by the plaintiff appellant and all other costs to await the final disposition of the case.