117 So.2d 670 (1960)
Dhalton W. SMITH, Plaintiff-Appellant,
v.
Aline Jewel Thorpe Campbell SMITH, Defendant-Appellee.
No. 9124.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1960.
*671 Louis Lyons, Bossier City, for appellant.
Gorman E. Taylor, Shreveport, for appellee.
GLADNEY, Judge.
This action was instituted by plaintiff against his divorced wife for the purpose of obtaining a settlement of the community of acquets and gains formerly existing, and for an accounting for expended community funds. Following the rendition of a judgment in which plaintiff was recognized as the owner of an undivided one-half interest in a washing machine in the possession of his former wife, plaintiff has appealed.
The parties were married in Shreveport on April 3, 1953, at which time plaintiff was in the United States Air Force. During the marriage allotments were made to the wife and a child born of the marriage. A divorce obtained by plaintiff in Massachusetts on September 27, 1957 had the effect of dissolving the community estate. This suit was filed by plaintiff on April 16, 1958, praying for an inventory of community property, for an accounting from defendant, for partition of the community property, and a money judgment for one-half of all the community funds due from defendant's separate estate. In due course an inventory was taken which included two items as constituting all of the property pointed out to the Notary as belonging to the community, which items are as follows:

"Item 1: An indebtedness owed by Aline
 Jewell Thorpe Campbell Smith to
 the community formerly existing
 between plaintiff and defendant,
 representing community funds
 paid toward discharge of mortgage
 indebtedness against separate
 property of defendant, as
 shown by defendant's answer to
 Interrogatory No. 4, $60.00 per
 month for 53 months, or a total
 of $3,180.00
Item 2: One Kenmore Washing
 Machine 50.00
 __________
 Total Inventory $3,230.00"

Present at the time of the taking of the inventory was the attorney for the defendant who objected to the inclusion of the item of $3,180 in the inventory. Subsequently, plaintiff instituted a rule which resulted in homologation of the inventory. Objection was reiterated as to the inventory and the court declined to hear evidence pertaining thereto. An order was issued requiring an accounting from each *672 party, pursuant to which plaintiff's counsel filed in evidence a letter signed by plaintiff, stating he had no property belonging to the community, but was heavily in debt. The defendant, in response to the order, filed an answer in which she acknowledged she had in her possession one Kenmore washing machine and averred that during the period of marriage from April 3, 1953 through December 31, 1957, she received allotments from the government averaging $181.09 per month, which money, she stated, was spent on living expenses, but which amount was totally inadequate, and that during her marriage it was necessary to draw on her separate estate for an amount approximating $13,750. Plaintiff excepted to the accounting as filed by the defendant and asked the court to decree that the inventoried item of $3,180 be recognized as a claim against defendant's separate estate as an asset of the community and that judgment be renedered in favor of plaintiff for one-half thereof.
The case was regularly set for trial, at which time counsel for plaintiff tendered in evidence the inventory, which was filed over the objections of the defendant, and the answer to certain interrogatories propounded to the defendant and which were attached to plaintiff's original petition. Included therein were the following questions and answers:
"Question No. 3: Did you pay any money or make any payments on behalf of indebtedness, or purchases made before April 3, 1953?
"Answer: Yes.
"Question No. 4: If answer to Question 3 is `Yes', give details as to date or dates payments were made, amounts, and to whom made.
"Answer: House payments of approximately $60 per month were made to the Gulf Coast Investment Corporation, the payments including taxes, insurance, interest, and principal. These payments were made out of earnings of your defendant while living separate and apart from plaintiff. Further answering said question as to payments made by defendant, she paid off numerous hot or bad checks given by plaintiff."
In his reasons for judgment the judge a quo, after discussing the procedure and evidence substantially as above set forth, made the following comments:
"No witness was called to testify in this case. Plaintiff, after making the offerings aforesaid, rested his case, and defendant rested her case without offering any evidence, and the matter was submitted for decision.
"Throughout the proceedings in this case, we advised counsel that in suits of this nature the proper proceeding was to determine, first, whether an accounting was due, and secondly, after the account was filed, the opposite party would have the right to accept same or file an opposition thereto, setting out what items were wrong or what items were not included, and after hearing evidence thereon the Court would determine the amount due.
"Since no evidence was taken in this case, we have no proof that defendant owns separate property, but from the allegations of the petition and defendant's answer to the interrogatories, we assume, without proof, that she does own separate property. However, plaintiff did not prove that defendant used community funds with which to pay off the mortgage thereon, but contented himself by filing in evidence, as his evidence, defendant's answers to interrogatories 3 and 4 quoted above. From this we find that the house payments of $60 per month were made out of defendant's earnings while living separate and apart from plaintiff, which earnings were her separate property. Hence, we find that plaintiff *673 failed to prove his opposition to the account, and therefore his demands must be rejected.
"Defendant, in her accounting, states that she used $13,750 of her separate funds for the community, but in no place did she pray for any judgment in her favor. Therefore, any claim she may have for said amount is denied."
From our study of the record, we thoroughly agree with the trial court that the evidence as presented cannot form a basis for a full and satisfactory accounting between the parties. It appears, however, the trial judge concluded the house payments of $60 per month made from defendant's earnings while living separate and apart from plaintiff were for this reason alone the separate property of the defendant. Non constat. Earnings of a wife living separate and apart from her husband belong to the community unless she has executed the instrument prescribed by LSA-C.C. Art. 2386. See also: LSA-C.C. Art. 2406; Matthews v. Hansberry, La. App.1954, 71 So.2d 232; Slater v. Culpepper, 1957, 233 La. 1071, 99 So.2d 348, 359, 360.
After a careful consideration of the respective rights of both parties and upon finding the record is not sufficient to enable the court to pronounce definitely on the case, due to the failure of the parties to produce available evidence material to a proper decision of the issue presented, we have decided to exercise the discretion accorded this court under Article 906 of the Code of Practice and remand the case.
It is ordered that the judgment heretofore rendered be annulled, reversed and set aside and the case be remanded to the First District Court of Caddo Parish for further proceedings not inconsistent with the views herein expressed and for allowing the introduction of such additional evidence relevant to the case, as either plaintiff or defendant may offer. The costs of the suit are to await the final judgment to be rendered herein on the remand of the case, or on the appeal from such judgment.