AYRES, Judge.
The defendant, Mrs. Beatty, as plaintiff in that certain cause entitled Mrs. Bobbie Beatty v. Vining, La.App. 2d Cir., 1962, 147 So.2d 37 (writs denied), obtained judgment against the defendant therein and, pursuant to a writ of fieri facias issued in said suit, caused to be seized and offered for sale, to pay the judgment rendered in her favor, certain store fixtures and merchandise consisting primarily of groceries, hardware, clothing, and liquors. Plaintiff herein, the present wife of the said Charles Leroy Vin-ing, claimed that the property seized, other than a quantity of liquor owned by one John E. Vining, was her separate and paraphernal property, and, upon recognition of her claim, obtained an injunction prohibiting the sale of said property to pay the debts of her husband. From a judgment accordingly rendered and signed, defendant appealed.
The object of this suit is the determination of the character of the property seized, that is, whether the property constitutes an asset of the community of acquets and gains existing between plaintiff and her husband or whether it is her separate and parapher-nal property.
A résumé of the pertinent facts is deemed appropriate to a resolution of the issues presented for determination. It may be here noted, however, that plaintiff-appellee has made no appearance in this suit.
Defendant is the former wife of Charles Leroy Vining. While the litigation in which she later obtained judgment was pending, Charles Leroy Vining and Mrs. Jewel Pip-pen Vining were married July 18, 1955, and established their matrimonial domicile at Sondheimer, in East Carroll Parish. At the time of her marriage, Mrs. Vining had $25,000.00 in cash. Vining was then operating a general mercantile business in *300 Sondlieimer and continued to operate it until April, 1958. The business was generally unsuccessful under his management. Mrs. Vining paid, from her separate funds, debts owed by the business to the extent of $2,-716.25. Thereafter, Mrs. Vining took over the operation of the store. She acquired the merchandise remaining therein from her husband by crediting the value thereof on expenditures made by her from her separate funds. A partnership was thereafter entered into by Mrs. Vining and a Mrs. Franklin. Plaintiff later acquired the interest of Mrs. Franklin, paying therefor partly with her separate funds. The business, at first, was not successful. The tax returns showed a net loss of $206.51 for the year 1958, but there were net profits for the next four years — $4,921.37 for 1959, $4,064.25 for 1960, $3,794.03 for 1961, and $3,300.35 for 1962. These profits were returned to or reinvested in the business and used to replenish the stock of merchandise.
There was a turnover of the stock of merchandise several times a year during the period exceeding the five years that plaintiff operated the store.
Defendants specified as error the conclusions reached by the trial court that the merchandise seized, which was a replacement of the original stock through purchases from the profits or earnings of the store, constituted plaintiff’s separate property. We find no error in the conclusion as the record amply establishes that the merchandise originally acquired was replaced or replenished from the profits made on the merchandise sold. Thus, while defendant-appellant concedes that the stock of merchandise originally acquired was plaintiff’s separate and paraphernal property, she, nevertheless, contends that the mechandise on hand over five years later, having been acquired through purchases made by the profits from the business, constituted community property.
LSA-C.C. Art. 2386 provides:
“The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a Notary Public and two witnesses and duly recorded in the Conveyance Records of the Parish where the community is domiciled. * * * ”
Plaintiff admits that she had not executed a written instrument as required by Civil Code Art. 2386. Therefore, the earnings of the store, the civil fruits, or income derived from the investment of plaintiff’s separate property, became assets of the conjugal partnership existing between plaintiff and her husband. In this regard, it was observed in Matthews v. Hansberry, La. App. Orleans, 1954, 71 So.2d 232, 235, that
“Whatever may be the intention of the wife, she is not permitted to claim that any funds produced by her labor or fruits of her separate estate do not fall into the community unless, in compliance with the requirements of Article 2386, she has, before a notary public and two witnesses, executed a statement declaring her reservation of the fruits of her separate property and her intention to separately administer her property and has recorded that document in the conveyance records of the parish where the community is domiciled.”
See, also: United States v. Burglass, 5 Cir., 172 F.2d 960, 963.
The general rule is that the status of property, whether community or para-phernal, is fixed at the time of its acquisition ; and, where it was acquired during the existence of a community, the presumption is that it is community property. LSA-C.C. Arts. 2399, 2402, 2405. This presumption is *301 so strong that all other proof in favor of the party for whom it exists is dispensed with; the presumption can be rebutted only by evidence of the clearest character. LSA-C.C. Arts. 2287, 2405; Houghton v. Hall et al, 177 La. 237, 148 So. 37; Betz v. Riviere, 211 La. 43, 29 So.2d 465; Butler v. Burks et al, La.App. 2d Cir., 1957, 99 So.2d 180 (writs denied); Joseph v. Travis et al, La.App. 2d Cir., 1957, 99 So.2d 548.
While the burden of proof was upon plaintiff to establish, by clear and convincing proof, the paraphernal character of the property seized, it is conceivable that some portion of the stock of merchandise originally purchased may have remained on hand until the time of the seizure. If such were true, the property has not been identified or pointed out. Whatever merchandise remained, if any, became mingled with and unidentifiable from the merchandise subsequently obtained and which, having been acquired from the profits of the business, became community property. As was stated in Coney v. Coney, 220 La. 473, 56 So.2d 841, 842,
“A study of the testimony leads to the conclusion that there was an almost inextricable commingling of separate and community funds. There being a legal presumption in favor of the community, the burden of proving the separate derivation of any property acquired lies with the spouse asserting the same.”
The original separate property, having become commingled with property acquired by the fruits or earnings of such separate property, which is analogous to the mixing or commingling of the separate funds of one of the spouses with funds constituting a community asset, must be termed community property. In view of the presumption in favor of the community, the burden of proving the separate derivation of any property lies with the spouse asserting the same. Coney v. Coney, supra; Slater v. Culpepper, 233 La. 1071, 99 So.2d 348. No proof having been offered as to the identity of the separate property, if any, such property has lost its identity and may now be considered community property.
We therefore conclude that the property seized, other than that shown to constitute the property of John E. Vining, was community property of the community of acquets and gains existing between plaintiff, Mrs. Jewel Pippen Vining, and her husband, Charles Leroy Vining, and, thus, subject to seizure and sale to pay defendant’s judgment.
For the reasons assigned, the judgment and the injunction issued pursuant thereto are annulled, avoided, reversed, and set aside, except as to the property of John E. Vining.
It is further Ordered, Adjudged, and Decreed that plaintiff’s demands be, and they are hereby, rejected and her suit dismissed at her cost, including the cost of this appeal.
Reversed.