221 So.2d 602 (1969)
Joseph BOULET and Augustin E. Boulet, Plaintiffs-Appellants,
v.
Beulah MIGUEZ, wife of Eddie FRUGÉ and Howard Miguez, Defendants-Appellees.
No. 2663.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1969.
Rehearing Denied May 7, 1969.
Guillory, Guillory & Guillory, by I. J. Guillory, Jr., Eunice, for plaintiffs-appellants.
Young & Burson, by I. Jackson Burson, Jr., Eunice, for defendants-appellees.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is a suit to quiet title brought by plaintiffs against defendants. For a cause *603 of action the plaintiffs alleged that by warranty deed plaintiff, Joseph Boulet, purchased certain immovable property in Acadia Parish, Louisiana, described in the petition; that said sale contains the necessary declarations so as to classify the property purchased by him as his separate property; that after the purchase of said property Joseph Boulet obtained a divorce from his wife, Angele Johnson; that in the divorce proceeding Joseph Boulet alleged and proved that no community property was acquired by the parties during the marriage; that a portion of the property was sold to James Stelly after the final divorce mentioned herein; also a portion of the property was sold to other parties, including Augustin E. Boulet, the other plaintiff herein; that Stelly attempted to secure a loan on the property purchased from Boulet, but the application was refused because the lending agency attorney was of the opinion that Joseph Boulet's divorced wife might have an interest in said property sold by him to Stelly; that Angele Johnson died after the divorce judgment; that she was married prior to her marriage to Boulet and of that union two children were born, both of whom are named as defendants in the instant suit.
Plaintiffs further alleged that there is a cloud on their title, and they should be decreed the lawful owners of all of the property acquired by Joseph Boulet.
Defendants answered the suit stating that plaintiffs had no authority to bring the instant action for the reason that there is no recorded instrument which could cast a cloud on plaintiff's title. Defendants, assuming the position of plaintiffs-in-reconvention and third party plaintiffs, filed a petitory action seeking to be recognized as the owners of an undivided one-half interest in the property in controversy on the theory that the property was purchased by Joseph Boulet while married to Angele Johnson and is presumed to be community property since the deed wherein Joseph Boulet purchased does not contain the double declaration, namely, (1) that the property was purchased with his separate funds, and (2) that it was purchased for his separate estate.
After a trial on the merits the district judge rejected plaintiffs' demand and recognized defendants (plaintiffs-in-reconvention) to be the owners of an undivided one-half interest in said property. Plaintiffs have appealed.
Plaintiff, Joseph Boulet, purchased the property described in the instant suit from Leopold Francois by notarial act dated September 4, 1941, and recorded December 29, 1941, which was during his marriage to Angele Johnson. The deed contains the following language:
"The purchaser declares that he is purchasing this said property with money given him by his mother Marcelite Mier Boulet."
On October 18, 1941, Joseph Boulet filed a suit for divorce against his wife, Angele Johnson, on the ground that they had been living separate and apart for two years prior to the institution of the suit. He also alleged that no property had been accumulated during the existence of the community. A judgment by default was entered in favor of Joseph Boulet and against Angele Johnson on November 17, 1941.
Counsel for plaintiffs contends (1) that the declaration in the deed from Francois to Boulet dated September 4, 1941, is sufficient to show the property was purchased by Boulet as his separate property; and (2) that the judgment of the district court granting Joseph Boulet a divorce confirmed the fact that the property was his separate property because of the following language: "The plaintiff has introduced evidence completely substantiating the allegations of his petition."
*604 In Smith v. Smith, 230 La. 509, 89 So.2d 55, the rule of law applicable to this case was stated thusly:
"Property purchased in the name of either spouse during the existence of the community of acquets and gains in Louisiana is presumed to be community property. Arts. 2334, 2402, La.Civ.Code; Salassi v. Salassi, 220 La. 785, 57 So.2d 684. Moreover, this presumption of community exists even though a realty deed contains the recital that the property is being bought with separate funds. Houghton v. Hall, 177 La. 237, 148 So. 37; Succession of Le Jeune, 221 La. 437, 59 So.2d 446; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396. As a matter of fact, the effect of a recitation of paraphernality is quite limited. In order for immovable property purchased by the husband during marriage to become his separate property, it must be stated in the act of purchase that the land is being bought by the husband for his separate estate and with his separate funds; otherwise the property will thenceforth be conclusively presumed to belong to the community. See Coney v. Coney, 220 La. 473, 56 So.2d 841. * * *."
The deed wherein Joseph Boulet purchased the property in the instant suit does not meet the test laid down in Smith v. Smith, supra, for it does not contain the double declaration required in order for Joesph Boulet to prove that the property purchased by him was separate property. Because the deed failed to contain the double declaration, the property in the instant case belongs to the community which existed between Joseph Boulet and Angele Johnson on the date of the sale.
Having concluded that the property herein is community, it is not necessary to discuss the other contention advanced by counsel for plaintiffs.
For the reasons assigned the judgment of the district court is affirmed at plaintiffs' costs.
Affirmed.