379 So.2d 270 (1979)
Curries BENOIT, Plaintiff-Appellant,
v.
Mrs. Amilda Guilbeau BENOIT, Defendant-Appellee.
No. 7231.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*271 Peter C. Piccione, Lafayette, for plaintiff-appellant.
Arthur D. Mouton, Lafayette, for defendant-appellee.
Before CUTRER, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff brought this suit against his mother, seeking the termination of a usufruct held by her pursuant to LSA-C.C. art. 916. He alleged as grounds for terminating the usufruct that defendant had been living in open concubinage with another man since shortly after plaintiff's father's death in 1973. Defendant entered a peremptory exception of no cause of action. From a judgment sustaining that exception and dismissing his suit, plaintiff appeals. We affirm.
Since we accept plaintiff's factual allegations as true for the purposes of this appeal, the only issue before us is whether a usufruct created by operation of LSA-C.C. art. 916 can be terminated because the surviving spouse is living in open concubinage.
Plaintiff argues that cohabitation is tantamount to remarriage, which is a ground for terminating the usufruct under LSA-C.C. art. 916, which provides in pertinent part: "This usufruct shall cease, however, whenever the survivor shall enter into a second marriage." That contention is based on plaintiff's view of the legislative intent behind that article.
A court is free to consider the spirit of the law only "when its expressions are dubious". LSA-C.C. art. 18; Nash v. Whitten, 326 So.2d 856 (La. 1976). That is not the case, here. In clear and unambiguous terms, Article 916 provides that the usufruct shall terminate if the surviving spouse enters into a second marriage. The language used leaves no doubt about what the grounds for terminating the usufruct are. This point was settled long ago by the Louisiana Supreme Court in Succession of Viaud, 11 La.Ann. 297 (1856), wherein the court said:
"... And the fact that the defendant has been guilty of living with a concubine, however reprehensible it may be, has not been declared by the Legislature to be a ground for arresting the usufruct created by the Act of March 25, 1844."
For these reasons, the judgment appealed is affirmed. All costs of this appeal are taxed to the plaintiff-appellant.
AFFIRMED.