## SUCCESSION OF GEORGE W. PARKER.

Where the District Court, misapprehending the law, did not fix the amount of the bond at the time of granting the order of appeal, but fixed the amount of the bond a month afterwards, at which time the bond was filed, the appellant is not blamable, and should not lose the benefit of his appeal.

The expressions of Article 575 C. P. simply imply that the judgment, to necessitate such a bond of appeal, must be one in which the appellant has been compelled to pay, and is not applicable where the applicant has been compelled to pay nothing. Accordingly, a bond for costs only is sufficient for a suspensive appeal, where the fund to be divided was in the hands of the Court.

The fixing of the amount of the bond by the Court, one month after the granting of the appeal, was an irregularity, and in conflict with Article 575 C. P., which requires that the amount of the bond shall be fixed when the appeal is allowed; but it is a defect in the order of appeal, and, as was said by this Court, in the case of *Dunn* v. *Chaffe*, 10 An. 493, a defect in an order of appeal is an irregularity against which the appellant is protected by the Act of 1839, § 19, No. 53, re-enacted in 1864, No. 82, section 16.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *P. H. Morgan* and *J. H. New*, for appellant. *C. Dufour* and *Phillips & Levy*, for appellee.

ILSLEY, J. The appellee moves to dismiss the appeal in this case, on two grounds :

1. That the appeal bond was not executed within the time allowed by law.

2. That the bond is insufficient in amount.

These grounds will be examined together.

On the first May, 1866, a suspensive appeal was granted in open Court, returnable to this Court on the first Monday of November following, but the amount of the bond to be furnished was left blank in the order of appeal.

No bond was furnished until the 1st day of June, 1866, and then only one for two hundred dollars ; the Court below having, on that day, decreed that the one hundred and three *shares of the capital stock of the Polk County Copper Company*, which was matter in controversy (valued, by report of experts, at $5,225), being deposited in Court to await the final result of the suit, the bond of two hundred dollars then filed, sufficed to make the appeal suspensive.

As the judgment appealed from was not, in the language of Article 575 of the Code of Practice, for a *specific sum* of money, a bond for costs only is sufficient to suspend execution. The following Article, 576, cited by the appellee, refers to the estimative value of a movable of a *perishable* nature, as the basis of the amount of surety in a suspensive appeal bond.

In the case of *Blanchin* v. *The Steamer Fashion*, 10 An. 345, the Court said :

"The expressions of this Article (575 C. P.) simply imply that the judgment, to necessitate such a bond of appeal, must be one in which the appellant has been compelled to *pay*, and do not seem applicable where the applicant has been compelled to pay nothing." Accordingly, a bond for costs only was held to be sufficient for a suspensive appeal, where the fund to be divided was in the hands of the Court.

The fixing of the amount of the bond by the Court, one month after the granting of the appeal, was an irregularity, and in conflict with Art. 575 C. P., which requires that the amount of the bond shall be fixed when the appeal is allowed ; but it is a defect in the *order* of appeal, and, as was said by this Court, in the case of *Dunn* v. *Chaffe*, 10 An. 493, a defect in an order of appeal is an irregularity against which the appellant is protected by the Act of 1839, § 19, No. 53, re-enacted in 1864, No. 82, § 16.

If the amount of the bond of appeal in this case could have been ascertained in the mode suggested by Article 575 C. P., that is, if the judgment had been for a specific sum of money, or for a perishable movable, as contemplated by Article 576 C. P., the circumstance that the amount was not stated in the order of appeal, would have afforded no excuse to the appellant for not filing it within the legal delay, so as to stay the execution of the judgment; but, a bond for costs only, must neces-

sarily be fixed by the Judge; and as he, misapprehending the requirement of Article 575 C. P., did not fix the amount of the bond ($200) on the 1st May, when he granted the order of appeal, but on the 1st June, on which day it was filed, the appellant is not blamable, and should not lose the benefit of his appeal.

It is therefore ordered, that the motion to dismiss the appeal be overruled.