McCALEB, Justice.
On January 27, 1950, a judgment was rendered and signed in the above entitled consolidated suits, awarding respondent, Walton B. Coney, an absolute divorce from relatrix, dissolving the community that existed between them and recognizing certain indebtedness due by the community to the separate estate of respondent. On the-same day, relatrix moved and obtained an-order for a suspensive appeal to this Court upon her furnishing bond in the sum of' $7,500. On February 23d, relatrix applied here for writs of certiorari, prohibition and; mandamus, alleging that the judge had erroneously effected a partition and settlement of the community by circumventing' the requirements of various articles of the Civil Code; that he had unlawfully fixed the appeal bond in the sum of $7,500 when a bond for costs would have sufficed; that she was unable to furnish such a bond and that the effect of the fixing of the excessive-bond would deprive her of her right of appeal.
Upon the showing made by relatrix and believing that, if summary relief were denied, she would suffer irreparable injury, we issued a writ of certiorari, ordering the judge to transmit the record of the-proceeding below and that he and the respondent husband show cause on March 20, 1950, why the relief prayed for in the-petition of relatrix' should not be granted..
In conformity with this order the record; was sent here and on the appointed day the-respondent judge filed a return to the rule,, asserting, among other things, that he was. surprised that relatrix was complaining *253 that the $7,500 appeal bond was excessive inasmuch as it was at the suggestion of one of her counsel (which was concurred in by counsel for the respondent husband) that he fixed the bond at that amount.
The statement of the judge is, strangely enough, not controverted by counsel for relatrix in their brief which was filed subsequent to the submission of the case.
Had we been aware that the amount of the bond was set in accordance with the suggestion of counsel for relatrix or that counsel had not complained to the judge that the bond was excessive, we would not have granted a remedial writ as this Court will not generally exercise its supervisory jurisdiction when there is an adequate remedy by appeal. And even in exceptional cases, invocation of these supervisory powers cannot be countenanced when the action of the inferior court is not shown to be arbitrary and capricious. In view of the facts now before us, it is apparent that the writ must be recalled.
However, we do not feel that the right of relatrix to perfect a suspensive appeal (upon furnishing the bond suggested by her counsel and fixed by the judge) should be prejudiced as a consequence of the issuance of the writ herein which effectively stayed all proceedings until final judgment of this Court.
Since the order of appeal was obtained on January 27, 1950, relatrix had thirty days, or until February 28, 1950, within which to perfect her appeal by filing bond. See Schneider v. Manion, 217 La. 118, 46 So.2d 58. She applied to this Court for writs on February 23d, or six days before the dead-line date for filing the bond.
In fairness, we believe that relatrix s'hould be placed in the same position as she would have been but for her application to this Court. Accordingly, she will be allowed six more days from the finality of this decree for the perfection of her suspensive appeal by filing the required bond. And, since the return day expired during the interval when we were considering this writ, it. is necessary that we extend the time for the lodging of the transcript in this Court.
The rule to show cause is discharged and the writ heretofore issued is recalled at the cost of relatrix. The right is reserved to relatrix to perfect a suspensive appeal from the judgment complained of by filing a bond in the amount fixed by the district judge within six days from the finality of this decree. The return day of the appeal is extended for a period of thirty days from the finality of this judgment.
PONDER, J., recused.