48 So.2d 902

CONEY v. CONEY (three cases).

No. 40018.

Nov. 6, 1950.

Mary Purser, Carroll Buck, Amite, Fred G. Benton, George Mathews, Baton Rouge, for appellant.

Ponder & Ponder, Amite, for appellee.

HAMITER, Justice.

These consolidated suits, furnishing divorce and property settlement litigation between a husband and wife, are before us presently on a motion to dismiss an appeal.

The wife obtained the appeal on January 27, 1950, from a judgment signed on that date, conditioned upon her furnishing a bond in the amount of $7500. Thereafter, specifically on February 23, she applied here for remedial writs complaining primarily that the bond so fixed was excessive.

Upon the showing made in the application we issued the writ of certiorari, requiring the forwarding of the record; also we ordered that the district judge and the husband show cause on a designated date why the relief requested by the wife should not be granted.

On the hearing of the rule to show cause (docketed here as No. 39,805) we found from the return of the district judge that the bond was fixed in and for the named amount in accordance with the suggestion of the wife's counsel. And, as a result of the finding, we decreed on April 24, that the rule be discharged and the issued writ of certiorari recalled. See 217 La. 246, 46 So.2d 258, 259.

But in rendering that judgment, with the view of not prejudicing the rights of the wife, we observed and further decreed as follows:

"However, we do not feel that the right of relatrix to perfect a suspensive appeal

(upon furnishing the bond suggested by her counsel and fixed by the judge) should be prejudiced as a consequence of the issuance of the writ herein which effectively stayed all proceedings until final judgment of this Court.

"Since the order of appeal was obtained on January 27, 1950, relatrix had thirty days, or until February 28, 1950, within which to perfect her appeal by filing bond. See Schneider v. Manion, 217 La. 118, 46 So.2d 58. She applied to this Court for writs on February 23d, or six days before the dead-line date for filing the bond.

"In fairness, we believe that relatrix should be placed in the same position as she would have been but for her application to this Court. Accordingly, she will be allowed six more days from the finality of this decree for the perfection of her suspensive appeal by filing the required bond. And, since the return day expired during the interval when we were considering this writ, it is necessary that we extend the time for the lodging of the transcript in this Court.

"The rule to show cause is discharged and the writ heretofore issued is recalled at the cost of relatrix. The right is reserved to relatrix to perfect a suspensive appeal from the judgment complained of by filing a bond in the amount fixed by the district judge within six days from the finality of this decree. The return day of the appeal is extended for a period of thirty days from the finality of this judgment."

On May 4, within fourteen days from the rendition of our decree, the wife applied for a rehearing. Thereafter, while her application was pending, she presented a motion in which she showed that an appeal bond for the fixed amount of $7500 had been filed on May 13, and, further, that a period of at least sixty days would be required by the clerk of the trial court for preparing the transcript. Because of this motion and showing the following, signed by the Chief Justice, issued:

"It is ordered, bond for a suspensive appeal having been filed by appellant while her application for rehearing was pending before this Court, that the said application for rehearing be dismissed as of this date, as presenting a moot question.

"It is further ordered that the return day of the appeal be and it is extended for a period of sixty days from the finality of this judgment.

"New Orleans, Louisiana, May 16, 1950."

Shortly thereafter the clerk of this court informed the wife's counsel by letter that "the court granted you sixty days from the 16th day of May in which to file the transcript of appeal in the case of Coney v. Coney."

The sixty day period immediately following May 16, extended through Saturday, July 15. The transcript did not arrive in the office of the Supreme Court Clerk, however, until Monday, July 17, al-

though it had been dispatched by railway express from Amite, Louisiana, on July 12.

In the motion to dismiss the appeal now under consideration counsel for appellee contend: (1) That the appeal bond was not furnished within the required legal delay, and (2) that the transcript was not filed in this court timely.

■ As to the first contention counsel argue that Article 573 of the Code of Practice requires the perfecting of an appeal in a divorce action within thirty days (not including Sundays) after the signing of the judgment and that this court was without authority to suspend the mandatory provisions of such Article by reserving to the appellant, as it did in the decree recalling the writ of certiorari and discharging the rule to show cause (discussed supra), the right to "perfect a suspensive appeal from the judgment complained of by filing a bond in the amount fixed by the district judge within six days from the finality of this decree." This argument appears to be inappropriate at this time. It might have been effectually urged had it been made in connection with an application for a rehearing (counsel filed none) in the cause in which the complained of decree was rendered, 217 La. 246, 46 So. 2d 258. The decree is now final, however, and the observations made in support of it constitute the law of that case.

Counsel further argue, alternatively, that even if this court could legally grant the extension for perfecting the appeal the

delay so granted (six days from the finality of the discussed decree) expired on April 30, and the bond was not filed until May 13. The basis of this argument is that the decree rendered on April 24, was final as of that date inasmuch as appellant was without right, according to Sections 4 and 5 of Rule XII of the Rules of this court, to suspend its operation by the filing of an application for a rehearing when the decree merely recalled a remedial writ and discharged a rule nisi. The provisions referred to recite:

"Section 4. An application for rehearing will not be considered when the judgment of this court has merely overruled a motion to dismiss an appeal, or a motion to recall or rescind a rule nisi, or when, for any other reason, the judgment of this court has not finally disposed of the case.

"Section 5. An application for a rehearing will not be considered when the court has merely granted or refused to grant a writ of certiorari or review, or an alternative writ of mandamus or prohibition, or rule nisi; but a petition for rehearing, if filed within the legal delay, will be considered when the court has decided a case on a writ of review to the Court of Appeal, or under the court's supervisory jurisdiction, the same as if the case had been decided on appeal."

■■ By these provisions the filing of an application for a rehearing in the former cause, 217 La. 246, 46 So.2d 258, was not forbidden. The court in that cause

did not merely overrule a *motion* to recall or rescind a rule nisi, nor did it merely refuse to grant a writ of certiorari or an alternative writ of mandamus or prohibition. What it did was to decide the cause under its supervisory jurisdiction, after the issuance of the writ of certiorari and a hearing on a rule nisi, fully determining the issue of the alleged excessive bond therein presented, the same as if the case had been decided on appeal. The filing of appellant's application for a rehearing, therefore, was permissible; and it effected a suspension of our judgment until the application's dismissal by the order of May 16, or until three days after the bond's filing. Accordingly, it must be held that appellant's appeal bond was timely furnished.

Neither do we find merit in the second contention of counsel for appellee, it being that the transcript of appeal was not timely filed. As before shown our order of May 16, extended the time for its filing for a period of sixty days, or through July 15. The transcript, of course, did not reach this court until July 17. It so happened, however, that July 15, the extended return date, fell on a Saturday, the whole of which was a legal holiday in the Parish of Orleans (Title I, Chapter 2, Section 55, Louisiana Revised Statutes of 1950), and during that entire day the office of the Clerk of the Supreme Court was closed. Moreover, the following day (July 16), being a Sunday, was also a holiday. Under

these circumstances, and in view of our settled jurisprudence on the subject, the filing of the transcript on July 17, was timely.

For the reasons assigned the motion to dismiss the appeal is denied.