89 So.2d 326

Nancy Callan CONEY
v.
Walton B. CONEY.
Walton B. CONEY
v.
Nancy Callan CONEY.
Walton B. CONEY
v.
Nancy Callan CONEY.
No. 42348.
June 29, 1956.

Mary Purser, Amite, Benton & Moseley, Baton Rouge, for appellant.

James T. Burns, Covington, James H. Morrison, Hammond, Ponder & Ponder, Amite, for plaintiff-appellee.

HAMITER, Justice.

Mrs. Nancy Callan Coney, the divorced wife of Walton B. Coney, is appealing from a judgment which purportedly adjudicated a full liquidation and settlement of the community of acquets and gains that formerly existed between those persons. On four previous occasions we have reviewed other phases of their litigated marital controversy. See 215 La. 667, 41 So. 2d 497; 217 La. 246, 46 So.2d 258; 218 La. 218, 48 So.2d 902; 220 La. 473, 56 So.2d 841.

At the outset we notice that the judgment presently appealed from is predicated on an incomplete accounting. Thus, with respect to the community assets and obligations, the evidence adduced affects only a period from the community's commencement to and including March 23, 1948; whereas, the community was not dissolved until January 27, 1950, the day on which the husband obtained a decree of divorce. See Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; Abraham v. Abraham, La., 87 So.2d 735 and Abunza v. Olivier, La., 88 So.2d 815. (Although there were two separation suits instituted previous to the divorce action—one by each litigant—neither resulted in a judgment.)

Under the mentioned circumstances we find it impossible to pronounce definitely on the instant liquidation and settlement dispute and, pursuant to Code of Practice Article 906, we have concluded that the cause should be remanded for the reception of further evidence relating to community assets and obligations during the period from March 23, 1948 to January 27, 1950. This conclusion is also in keeping with our decision in Daigre v. Daigre, La., 89 So.2d 41, in which we dealt with the problem of the settlement of a community

on a "piece meal" basis and there pointed out the undesirability of such a practice.

After the introduction of the additional proof the district judge shall render such judgment as the law and the evidence (that heretofore as well as hereafter adduced) warrant.

For the reasons assigned the judgment appealed from is reversed and set aside and this cause is remanded to the district court for further proceedings according to law and consistent with the views hereinabove expressed. The costs of this appeal shall be borne one-half by each litigant, and all other costs shall await the final determination of the matter.

PONDER, J., recused.