LANDRY, Judge.
Upon the relation of the State of Louisiana, through A. J. (Joe) Diez, (sometimes-hereinafter referred to simply as “relator” or “plaintiff”), this court granted alternative writs of certiorari, prohibition and mandamus directed to the Nineteenth Judicial District Court, East Baton Rouge Parish, Honorable Elmo E. Lear, Judge, presiding, commanding that said trial court order the hereinafter named defendants-respondents to make available for relator’s inspection the records, minutes and other *187 ■writings and exhibits in possession of the .Committee on Community Relations appointed by respondents, the City-Parish •Council of the City of Baton Rouge and the Parish of East Baton Rouge, or show before this Court to the contrary.
On May 28, 1963, the City-Parish Council •of the City of Baton Rouge and Parish of East Baton Rouge (sometimes hereinafter referred to as “City-Parish”) adopted a resolution (Number 1880 for the City and Number 4879 for the Parish) creating a •committee denominated the Committee on Community Relations, otherwise known as .a “Bi-Racial Committee”, and sometimes hereinafter referred to simply as the “Committee.”
On June 29, 1964, relator verbally requested Respondents, the Honorables John Christian and Elwood Sartin, Mayor-President and City-Parish Clerk, respectively, of respondents City-Parish, to furnish relator copies of the Committee’s proceedings and minutes which request was promptly denied on the ground the minutes, proceedings and other records were not public documents and therefore exempt from the provisions of LSA-R.S. 44.1 et seq., known as the Public Records Law.
Upon denial of his request to examine the Committee’s records, relator applied to the trial court for alternative writs of mandamus ordering the aforenamed respondents to make available the Committee’s records to relator or show cause to the contrary. ■Coupled with relator’s application to the trial court was a prayer for summary judgment making the writ peremptory. Plaintiff’s application to the lower court, filed June 30, 1964, was predicated upon the Public Records Law (LSA-R.S. 44.1 et seq.) and the Summary Process and Mandamus provisions contained in LSA-C.C.P. Articles 2591 and 3862, respectively.
On July 1, 1964, the trial court issued the alternative writ prayed for by Relator, making same returnable July 15, 1964. Thereafter, namely, on July 6, 1964, relator filed a supplemental and amended petition naming as respondents all members of the City-Parish Council, alleging it to be the mandatory duty of respondents to produce the records requested and again praying the writ be made peremptory. The order prayed for on July 6, 1964, was signed by the trial court on that same day and made same also returnable July 15, 1964. Subsequently, however, the trial court, in ex parte motion of counsel for relator, recalled its order of July 6, 1964, but reinstated the writ of July 1, 1964 and made same returnable August 5, 1964.
On the aforesaid return date, respondents filed Declinatory Exceptions of Want of Citation and Peremptory Exceptions of No Cause of Action. The trial court dismissed respondents’ exceptions of want of citation but sustained the exceptions of no cause of action and dismissed plaintiff’s application whereupon application for writs was made to this court.
The trial court’s reasons for judgment appearing in the record reveal relator’s application was dismissed because the Committee’s records were not public records as defined by LSA-R.S. 44.1 et seq., and also because mandamus, being an extraordinary writ, only lies where the delay involved in obtaining ordinary relief may cause injustice and should never issue where there has been unreasonable delay and the record herein disclosed unreasonable delay upon the part of relator.
In substance counsel for relator maintains mandamus should lie herein because he has an undisputable right to the records requested and the denial thereof by failure of the trial court to issue the writ of mandamus to respondents leaves him in an untenable position without adequate remedy by appeal and further because his application involves question of law which must be passed on by this court.
In brief filed in this court esteemed counsel for respondents contends relator is not entitled to extraordinary relief as alleged because the records are not public records as argued by relator but rather records of *188 a private committee with no legal or official status. Respondents further contend relator is not entitled to the relief sought because, under the mandamus provisions of LSA-C.C.P., such extraordinary redress lies only where the delay otherwise resulting would cause irreparable injury and relator herein has neither alleged nor shown wherein. he would suffer irreparable injury if mandamus is not ordered as requested.
Learned counsel for respondents also argues in his brief that the trial court improperly dismissed respondents’ exceptions of want of citation because summary proceedings were unavailable to relator under the circumstances existing herein and relator being relegated to an action via ordi-naria has not properly proceeded against respondents who were not served with citation as required in ordinary proceedings but rather were served only with the trial court’s alternative writ. It is finally contended on behalf of respondents that the trial court properly rejected relator’s application for writs of mandamus for the following reasons: (1) the records sought are not public records but records of a private committee to which the Public Records Law does not apply; (2) mandamus does not lie where performance sought is dependent upon the construction or interpretation of a law therefore until it is decided whether the records sought are public records mandamus is not a proper remedy; (3) mandamus lies only where the legal duty sought to be enforced is clear and unequivocal and where serious differences exist or substantial far reaching issues are involved, all such other issues should be decided by ordinary proceedings, and (4) mandamus will be denied where there is an unreasonable delay in applying therefor which rule is applicable herein considering relator waited from June 28, 1963, (the date the Committee was created) until July 6, 1964, to apply for the mandamus herein sought.
Upon careful consideration of the issues presented by this application we conclude, for reasons hereinafter set forth, this application must be denied and the alternative writ of mandamus issued by this court recalled, vacated and set aside.
It is well settled that the supervisory jurisdiction of appellate courts may not be invoked where adequate remedy at law exists. Coney v. Coney, 217 La. 246, 46 So.2d 258; Noe v. Maestri, 193 La. 382, 190 So. 588.
Neither consent of litigants nor failure to raise the issue of adequacy of legal remedy can preclude an appellate court from raising such question ex proprio moto, and dismissing an application for the exercise of its supervisory jurisdiction where-adequate remedy at law is available.
In overruling respondents’ Declinatory-Exceptions of want of citation our learned', brother below at least, by implication, concluded relator was entitled to proceed by-summary process although he did not expressly so hold. Although no appeal from-such ruling was taken by respondents, it is-argued in brief on their behalf before this-court that the trial court erred in rejecting-said Declinatory Exceptions.
The judgment of the trial court sustaining respondents’ exceptions of no cause of action present only the question of whether the lower court correctly found, as a matter of law, (based solely on the allegations-of the petition), the Committee was not a. body falling within the purview of the Public Records Act. It is of the utmost importance that the alternative writ issued by the trial court has not been tried on its-merits but merely disposed of adversely to-relator upon respondents’ exceptions of no-cause of action.
The circumstances shown render inadvisable our granting the mandamus requested inasmuch as there has been no trial on the merits of the alternative writ issued by the lower court. Assuming arguendo, we concluded the lower court erroneously rejected relator’s application upon respondents’ exceptions of no cause of action, we could not herein grant the relief requested *189 inasmuch as respondents, who were successful below, would thereby be deprived of their right to defend relator’s action on the merits. In such event we could only remand the cause to the lower court for trial on the merits.
Careful scrutiny of relator’s applications filed both in this court and the court below reveals the bare assertion that applicant made verbal application to examine the Committee’s records and upon denial of such right, instituted this action. Neither application contains allegations of irreparable injury because of such denial, nor does either petition state wherein applicant will be adversely affected or in any manner suffer harm or loss because of his failure to inspect the Committee’s records. In addition, no reason is stated or purpose given for his wish to view the records, it is merely related he has the right of inspection and same has been denied.
 In his brief before this court able counsel for relator infers that failure to grant the mandamus requested will result in denial of his rights because he fears the records will be lost, misplaced, destroyed or placed beyond his reach by those in charge thereof. These accusations cannot be assumed to be true and had they been affirmatively alleged in relator’s applications they could not serve as the foundation for mandamus unless substantiated by evidence on trial of the alternative writ issued by the lower court. Conceding for argument’s sake, (but not so deciding as the issue is not presently before us) relator is entitled to proceed by Summary Process in an action to enforce the provisions of the Public Records Act as contended by applicant, it does not necessarily follow that he is entitled to invoke the supervisory jurisdiction of this court to review a judgment of the trial court rejecting his demand for summary process. Anderson v. Merriman, 218 La. 157, 48 So.2d 641. In such instances it must be made to appear that inadequate remedy at law necessitates exercise of the appellate court’s supervisory powers. No such showing has been made herein. Indeed, from the record as presently constituted, the contrary appears.
 In the interest of the orderly conduct of its affairs, an appellate court will not grant supervisory writs where an appeal' will suffice and adequately protect the rights-of the litigants. Especially is this true in-the instant case where the relief granted pursuant to the court’s supervisory powers-could only be the same as that which could, be obtained by appeal.
Accordingly, the alternative writs granted' herein are hereby rescinded, set aside and' recalled and this matter remanded to the-trial court, reserving to both relator and respondents the right of appeal from the-judgments of the trial court upon the finality of the judgment of this court. Costs of this application to be borne by relator, al! other costs to await the outcome of any further proceedings herein.
Writ recalled and case remanded to the-trial court.