YARRUT, Judge.
This is a suit by a husband for a partition of all property held jointly with his wife, including that belonging to a former community and that acquired jointly during their separation from bed and board.
The wife obtained a separation from bed and board in Suit No. 394 — 325. The parties became reconciled but did not reestablish the community in accordance with LSA-C.C. art. 155. During their separation they jointly acquired a home at 912 Constantinople Street. The only property in question is a business operated under the name of “Regina Queen of Caterers,” located on the premises at 912 Constantinople Street, managed by the wife, assisted by her husband before he was enjoined from doing so by the court in Suit No. 429-973, referred to infra. The wife claims the catering business is her separate property, while the husband contends it is community property.
The wife brought a second suit for separation from bed and board following the reconciliation, and judgment was rendered in her behalf in Suit No. 429-973, which judgment was reversed on appeal by this court in Case No. 2248, La.App., 188 So.2d 224.
The husband filed suit in the instant case for a dissolution of the catering partnership existing between them. The wife reconvened for a partition of the property at 912 Constantinople Street, which she admitted was held in indivisión between them.
The district judge upheld the wife’s exception that a husband and wife cannot enter into a partnership, but gave the husband leave to amend his petition, whereupon he prayed (1) for a partition of all property, both community and that held in indivisión; (2) for an accounting of the catering business administered by his wife; and (3) for his appointment as its provisional administrator.
*223 The wife then filed a motion for summary, judgment on the grounds that both alleged they owned the premises at 1912 Constantinople Street, in indivisión, and prayed that it be partitioned. She also filed exceptions of res judicata, nonjoinder of an indispensable party, and lis pendens, on the ground that the same relief sought by Plaintiff was an issue in the suit entitled “Regina Or-tolano, wife of Philip J. Sciortino versus Philip J. Sciortino,” bearing Docket No. 429-973 of the District Court and-No. 2248 of this court, for which reason the relief sought by Plaintiff should properly be sought in said matter.
The district judge ordered the partition of the property at 912 Constantinople Street, but maintained the exception of lis pendens with regard to the alleged community property. From these judgments the husband appealed, contending the exception of lis pendens was not timely filed and, if timely filed, should have been overruled; that both community property and that held in in-división should be partitioned in one suit; and he should be appointed administrator of the catering business pending 'liquidation.
The basic question is whether all of the property, or just the property held in in-división, should be partitioned in the instant suit. In this connection, we find the exception of lis pendens should have been overruled because, in the pending action for • separation from bed and board, upon which the plea of lis pendens was based, the wife did not pray for a partition of the community, but in fact, successfully objected to any evidence being taken on whether the business of “Regina Queen of Caterers” was community or separate property. The two cases lack the necessary elements of lis pendens, namely, the same object and the same cause of action, as the partition of the community was not at issue in the first case. LSA-C.C.P. arts. 92S and 531.
Furthermore, there should be no partition of community property on a “piecemeal” basis. Daigre v. Daigre, 230 La. 472, 89 So.2d 41; Coney v. Coney, 230 La. 821, 89 So.2d 326. This rule applies in the instant case because the alleged community property, the business of “Regina Queen of Caterers,” the supplies and equipment of which are located in the back yard of 912' Constantinople Street, is so closely connected with the separate property.
For the above reasons, the judgments appealed from are reversed and the case remanded for a hearing on whether the business, “Regina Queen of Caterers,” is community or separate property, and on the husband’s prayer to be appointed provisional administrator thereof. It is further ordered that all property, that found to belong to the former community, and that held in indivisión, be partitioned according-to law in the instant suit; the Defendant wife to pay all costs in both courts, accrued to date.
Judgment reversed and remanded.