LANDRY, Judge.
Applicant, James Jackson, seeks to invoke the supervisory jurisdiction of this court to review the judgment of the trial court rendered September 16, 1970, denying him a new trial in an action wherein plaintiff-respondent obtained default judgment against applicant on a promissory note. We dismiss the application because adequate remedy by appeal was available in this instance.
The undisputed facts are that on March 21, 1962, pursuant to domiciliary service upon applicant, respondent obtained default judgment against applicant on a promissory note in the principal amount of $221.10 given by applicant in consideration of certain purchases from respondent. The note provides for “carrying charges” in a sum which amounts to an annual interest rate of 9.66%. Applicant neither appeared in nor answered respondent’s suit. Prior to respondent obtaining the aforesaid judgment, applicant obtained a discharge in bankruptcy. In the bankruptcy proceedings, Joy’s was not listed in applicant’s Schedule of Debts filed therein. The record does not reveal that applicant .was served with notice of the default judgment as required by LSA-C.C.P. art.. 1913, and applicant denies having ever been so served.
On October 24, 1969, respondent obtained an order of garnishment against applicant’s wages to enforce collection of its judgment.
In opposition to the garnishment, applicant filed a pleading in the trial court styled “Motion for a New Trial, Injunc-tive Relief, Attorney’s Fees, and Damages.” Applicant concedes that prior to trial of his motion in the lower court, the garnishment, which continued in effect, resulted in payment of the judgment in full and that, consequently, his “Motion for In-junctive Relief” has become moot.
In support of his motion for new trial, applicant urges the nullity of the March 21, 1962 judgment on the grounds: (1) It shows on its face a usurious rate of interest ; (2) it is based on domiciliary rather than personal service; (3) the judgment rendered against him by default is null and void because no notice thereof was served upon him as required by LSA-C.C.P. art. 1913, and (4) the obligation represented by the note was discharged in bankruptcy even though it was not listed in applicant’s Schedule of Debts because respondent had actual or constructive knowledge of the bankruptcy proceedings and waited until respondent’s discharge before instituting garnishment proceedings. Applicant prays that the judgment in question be declared a nullity and alternatively that it be decreed discharged by his bankruptcy. Applicant also seeks return of garnisheed wages in the sum of $467.76, damages of $8,000.00 for the wrongful seizure of his wages, and attorney’s fees.
Respondent reacted to applicant’s motion with exceptions of no right of action, no cause of action, and res judicata. The lower court overruled respondent’s said exceptions and denied all relief sought by applicant.
It is well established that the supervisory power of appellate courts will be exercised only when the right of appeal does not lie 'or when appeal does not afford an adequate remedy. State ex rel. Rossner v. *296 Berthelot, 131 La. 367, 59 So. 773; Wheeler v. Wheeler, 184 La. 689, 167 So. 191. Stated otherwise, the supervisory jurisdiction of appellate courts may not be invoked where adequate remedy at law exists. Coney v. Coney, 217 La. 246, 46 So. 2d 258; Noe v. Maestri, 193 La. 382, 190 So. 588. Moreover, neither consent of litigant, nor failure to raise the issue of adequacy of legal remedy, can preclude an appellate court from raising such question ex proprio motu and dismissing an application for the exercise of its supervisory jurisdiction where adequate legal remedy is available. Diez v. Christian et al., La. App., 169 So.2d 185.
Inasmuch as applicant was cited by domiciliary service and filed no exception or answer to respondent’s suit on the note in question, applicant was entitled to service of notice of the default judgment rendered against him therein, either by personal or domiciliary service. LSA-C. C.P. art. 1913.
Pertinent herein are the provisions of LSA-C.C.P. art. 1974, which state that where notice of judgment is required pursuant to Article 1913, above, the delay for applying for a new trial commences to run on the day after the Sheriff has served the notice of judgment required in Article 1913.
Also germane are the provisions of LSA-C.C.P. articles 2123 and 2087. Article 2123, above, stipulates that a suspensive or devolutive appeal may be taken within 15 and 90 days, respectively, of: (1) the expiration of the delay for applying for a new trial, as provided by Article 1974, above, if no application has been timely filed; (2) the court’s refusal to grant a timely application for a new trial if the applicant is not entitled to notice of such refusal under Article 1914, or (3) the date of mailing of notice of refusal to grant a timely application for new trial if the applicant is entitled to notice pursuant to Article 1914.
In the instant case, the delay for applying for a new trial did not commence until notice of rendition of the default judgment was served upon applicant. Such notice having never been served, the delay for applying for a new trial herein had not commenced to run when applicant applied for a new trial on June 11, 1970. It follows that the delay for applying for either a suspensive or devolutive appeal herein did not commence running until September 16, 1970, the date on which applicant’s motion for new trial was denied, or on some subsequent date should applicant have been entitled to notice of the judgment denying his motion for new trial pursuant to LSA-C.C.P. art. 1914.
Upon the denial of his motion for new trial, petitioner had an adequate remedy at law by either a suspensive or devolutive appeal. The relief sought by this application for supervisory writs could have as easily been granted upon appeal as upon the exercise of our supervisory authority. Applicant chose instead to seek supervisory review which we must decline to exercise since adequate remedy existed by appeal. That applicant’s right to appeal may not be foreclosed because the delays for appeal have perhaps expired is a matter of no moment. It suffices that during the course of these proceedings, applicant possessed adequate remedy by appeal.
The application for writs made herein is denied at applicant’s cost.