319 So.2d 323 (1975)
James GRAVES, Plaintiff-Appellant-Relator,
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION, Defendant-Appellee-Respondent.
No. 55752.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
Robert M. Caswell, Kronlage, Dittmann & Caswell, New Orleans, for plaintiff-appellant-relator.
Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendant-appellee-respondent.
TATE, Justice.
We granted certiorari, 309 So.2d 676 (1975), to review the unreported ruling of the Court of Appeal, Fourth Circuit, dismissing the plaintiff's appeal. The reason for the dismissal was that the plaintiff's devolutive appeal bond was not filed until November 12, 1974, or well more than the ninety-odd days allowed by La.C.Civ.P. art. *324 2087 after the trial court judgment of June 25, 1974.
We reverse. Under the facts to be set forth, the plaintiff timely filed a motion for his appeal to proceed in forma pauperis. His right to appeal, favored under our law, cannot be defeated by the failure of the district court to sign the timely presented order of appeal in forma pauperis.
The facts we deem pertinent are:
The trial court signed judgment on June 25, 1974, with notice of judgment mailed that same day. On August 15, 1974, the plaintiff filed an amended petition for appeal.[1] This petition unambiguously prayed for leave to appeal in forma pauperis, and attached to the petition were affidavits of third persons as to the plaintiff's impoverished financial condition, in compliance with La.C.Civ.P. art. 5183.
The trial court refused to sign an order granting the plaintiff an appeal without bond or prepayment of costs, as permitted by La.C.Civ.P. arts. 5181, 5185(4). Instead, it ordered the defendant Kaiser to show cause at 10:30 a.m. on September 23 why the order to appeal in forma pauperis should not be permitted. The minutes show that on September 23 the trial court continued the rule without date, "due to no appearance of counsels."[2]
At this point, we must note that the time to perfect the devolutive appeal was to expire on September 25, 1974, La.C.Civ.P. arts. 2087, 1974, ninety days after the three-day delay for applying for a new trial. (No motion for a new trial had been made.)
The legal context in which the pertinent facts occurred should be noted:
An applicant is permitted to continue to litigate or to appeal without pre-payment of costs by furnishing an application to do so together with the affidavit of himself and of a third parson of his poverty. Articles 5183, 5185(4), La.C.Civ.P. If he is permitted to appeal in forma pauperis, the mere signing of the order of appeal perfects the appeal. Article 2088.
On the other hand, the adverse party may traverse the facts of poverty, requesting that the order permitting the mover to proceed without pre-payment of costs be rescinded. Article 5184. Further, the judge himself may inquire into the facts to satisfy himself that the applicant is entitled to the privileges of litigating without pre-payment of costs. Article 5183; City Stores v. Petersen, 263 La. 577, 268 So.2d 662 (1972).
The statute according the privilege to litigate in forma pauperis, as initially enacted, extended the privilege only to those parties who filed the affidavits of poverty with their first pleading. Act 156 of 1912, as amended by Act 260 of 1918. However, by Act 165 of 1934, a party was permitted to assert the privilege at any time during the pendency of the suit, including on appeal or for purposes of appeal only.
The legislative intent was thus to broaden the privilege to permit it to be asserted for the first time for the purpose of perfecting a devolutive appeal. Because of such strong legislative intent, this court early stated that the proper method of reconciling "the right of an impoverished litigant *325 to take a devolutive appeal from an adverse judgment as late as he sees fit within the time prescribed by law, and without giving an appeal bond", with the right of the appellee to traverse the affidavits of poverty, "is to recognize the right of the appellee to apply to the appellate court to have the case remanded for the purpose of traversing the affidavits on which the right to appeal in forma pauperis was granted, if sufficient time for the traverse was not allowed in the court which rendered the judgment." Buckley v. Thibodaux, 181 La. 416, 159 So. 603, 605 (1935). See also Brewer v. Thoele, 186 La. 168, 171 So. 839 (1937).
In the light of this legal context and under the circumstances of this case, the trial court's actions (a) in failing to sign the order permitting the plaintiff to appeal in forma pauperis and in setting a contradictory motion on the eve of the expiration of the appellate delay, and (b) in then continuing said contradictory motion beyond the statutory delay allowed to perfect the appeal, had the effect of depriving the plaintiff-appellant of this statutory right of appeal. These actions were performed sua sponte by the trial court. Further, the record in the trial court, including the evidence at the trial, indicates no substantial reason for the trial court to doubt the plaintiff's affidavits of indigency.[3]
The defendant Kaiser, appellee, relies, however, on the jurisprudence that the late filing of the appeal bond deprives the appellate court of jurisdiction to hear the appeal. Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710 (1965).
From the earliest, however, our jurisprudence has recognized an exception to this principle. This exception here applies: When the motion for appeal has been timely made within the delay period allowed to perfect an appeal and has been continuously pressed, the appeal as ultimately perfected has been held valid despite the tardy filing of the bond, where the failure to perfect it within the delay period results from the erroneous refusal of the trial court to sign an appeal order timely after it has been presented to it or from the trial court's placing unreasonable conditions upon the exercise of the right to appeal. The fault in the tardy filing is then regarded as imputable to the court system rather than to the appellant. La.C.Civ.P. art. 2161.
See: Magnolia Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585 (1953) (trial court refused to fix amount of bond required, being of erroneous good faith belief that no bond was required by statute); Coney v. Coney, 218 La. 218, 48 So.2d 902 (1950) (failure of tardy filing of allegedly excessive appeal bond resulted from supreme court review of issue of excessiveness); Rosenthal-Brown Fur Co. v. Jones-Frere Fur Co., 157 La. 887, 103 So. 251 (1925) (delay occasioned by review of alleged excessiveness of appeal bond); Ready v. City of New Orleans, 27 La.Ann. 169 (1875) (delay occasioned by mandamus proceeding to compel the trial judge to grant the appeal); Succession of Parker, 18 La.Ann. 644 (1866) (district court, misapprehending the law, did not fix the amount of the bond at the time the appeal was granted); Succession of Jacobs, 5 Rob. 270 (1843) (delay created by initial refusal of trial judge to allow the appeal).
For the foregoing reasons, we reverse the order of the court of appeal dismissing this appeal, and we remand it to the *326 court of appeal for further proceedings in accordance with law. The costs of review by this court are to be paid by the defendant-appellee; other costs of appellate review to be assessed upon determination of the appeal.
Motion to dismiss overruled, and appeal remanded to the Court of Appeal.
NOTES
[1] The trial court deleted from an earlier order of appeal attached petition of July 26, 1974 a provision permitting the appeal to proceed in forma pauperis, but it had directed that the appeal be granted "upon petitioner furnishing bond with good and solvent surety, if necessary", without fixing the amount of the bond as required for the order granting the appeal to be valid. See Dupre v. Hartford Accident and Indemnity Co., 197 So.2d 119 (1967) (La. App.3d Cir.), reluctantly applying the "anachronistic technicality", 197 So.2d 121, founded upon old opinions of this court.
[2] To complete the chronology, the trial court signed an order of appeal on November 7, 1974, which fixed the bond in the amount of $450.00. This was furnished by the plaintiff on November 12, 1974.
[3] The evidence shows that, following his 1973 injury, the plaintiff had not been able to work except for a short period of three weeks or so, when due to painful residual he could not continue. Assuming that the wife's obtaining a job as clerk to support her husband, her child, and herself somehow affected her husband's privilege to litigate in forma pauperis, the record does not indicate the amount of the wife's earnings or disclose substantial reason to doubt the impecunious condition of the couple due to the cessation of any earnings by the husband.