PRICE, Judge.
This court noted a probable lack of jurisdiction of this appeal and ordered appellant to show cause why the appeal should not be dismissed because of the untimely filing of the appeal bond.
Judgment against the First National Bank of Commerce was signed on February 27, 1976. A motion for a new trial was overruled on March 11,1976. An order was signed granting the bank a devolutive appeal on March 24, 1976. No provision for the fixing of an appeal bond was made in the order. The appellant took no further action until September 21, 1976, when on appellant’s request, the trial judge signed an amended order of appeal fixing the amount of the devolutive appeal bond. This security was furnished by appellant on the same date.
Appellant contends its failure to file the bond within the ninety day period prescribed by C.C.P. Article 2087 is merely an irregularity caused by the failure of the trial judge to provide for the amount of bond in the order granting the appeal; that such an error or irregularity could be and was corrected by the amended order of appeal; and that the irregularity was not jurisdictional. Appellant contends these *319 circumstances are analogous to and controlled by the Succession of Parker, 18 La. Ann. 644 (1866), in which the court allowed the appeal.
Prior to 1965, the jurisprudence was unclear on the effect of the late filing of the appeal bond. A number of cases followed the decision in Succession of Parker, supra, which held the untimely filing of bond was an irregularity which could be judicially corrected. See Bordes v. Bank of St. Bernard, 141 La. 144, 74 So. 884 (La.1915); Young v. Daire, 157 So.2d 353 (La.App. 3rd Cir. 1963).
Other cases held the failure to timely file bond was fatal to the jurisdiction, and the appeal must be dismissed. See Untereiner v. Milier, 29 La.Ann. 435 (1877); Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 (La.1957); and Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965).
The Louisiana Supreme Court resolved this conflict in Orreli v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710 (1965), by holding:
Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. [Citations Omitted]
180 So.2d at 712.
Subsequently, the Supreme Court recognized there may be exceptions to-its holding in Orreli where an appellant who timely moves for an appeal and continuously presses for its perfection is unsuccessful because of an erroneous refusal of the trial court to sign an appeal order or in imposing unreasonable conditions on the right to appeal. Graves v. Kaiser Aluminum and Chemical Corp., 319 So.2d 323 (La.1975).
The appellant’s failure to timely furnish security in this instance does not fall within the Graves exception. There is no showing that after filing the motion for appeal, appellant took any further action or made any inquiry into the status of its appeal until after the delay for perfecting the appeal had run. It is, therefore, apparent that any omission on the part of the trial court was not the cause of appellant’s untimely furnishing of security to perfect its appeal. Accordingly, this court is without jurisdiction, and the appeal is dismissed at appellant’s cost.