418 So.2d 21 (1982)
Geneva BRUMFIELD, Individually and as Administratrix of the Estate of Guy Harry Brumfield, and Martha Lee Wilkerson, Individually and for and on Behalf of Woodrow Taylor, Jr.
v.
Edward DYSON and Village of Tangipahoa.
No. 14932.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.[*]
Robert L. Manard, III, Marc L. Popkin, New Orleans, for plaintiffs-appellants.
Bruce E. Simpson, Kentwood, for defendants-appellees, Edward Dyson and the Village of Tangipahoa.
Cassandra A. Simms, Baton Rouge, for State of La.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
This is an action ex delicto. Geneva Brumfield, individually and as administratrix of the estate of Guy Harry Brumfield, and Martha Lee Wilkerson, individually and for and on behalf of Woodrow Taylor, Jr., sued Edward Dyson and the Village of Tangipahoa, alleging that Dyson, while in the performance of his duties as a municipal police officer for the Village of Tangipahoa, negligently and carelessly discharged his firearm, injuring Woodrow Taylor, Jr. and fatally wounding Guy Harry Brumfield. Subsequently the State of Louisiana was added as a party defendant.
The State filed the peremptory exception of no cause of action, arguing that as a matter of law, the State is not liable, vicariously *22 or otherwise, for the negligent acts of municipal policemen. This exception was overruled by the trial court. The State applied to this court for alternative writs of certiorari, prohibition, and mandamus from the ruling of the trial court on the exception of no cause of action. This court issued an alternative writ of mandamus, commanding the trial judge to vacate and set aside the judgment overruling the peremptory exception filed by the State and thereupon to render judgment maintaining said exception and dismissing plaintiffs' demands as to the State. In the alternative, the trial judge and/or the respondents (plaintiffs) were ordered to show cause, by briefs, why the writ of mandamus should not be made peremptory.
Neither the trial judge nor respondents decided to take the alternative. The trial judge complied with the writ and rendered judgment in favor of the State, maintaining the peremptory exception of no cause of action and dismissing the plaintiffs' demands against the State of Louisiana. The plaintiffs then perfected this appeal from the judgment maintaining the peremptory exception.

ISSUES PRESENTED ON APPEAL
I. Whether the procedural principle known as "the law of the case" forecloses this Court's consideration of its previous decision as to the State's liability for the wrongful acts of municipal policemen.
II. Whether a cause of action exists against the State of Louisiana for wrongful acts of municipal policemen.

I
Appellants do not raise the issue, but appellee contends that because of the issuance of an alternative writ of mandamus by this court, ordering the trial court to sustain the peremptory exception, we should apply the "law of the case" principle, and should not reconsider on appeal the issue of whether the state can be liable for the torts of municipal policemen.
The Supreme Court discussed the law of the case principle in Day v. Campbell-Grosjean Roofing and Sheet Metal Corporation, 260 La. 325, 256 So.2d 105 (1971):
"With regard to an appellate court, the `law of the case' refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue." 256 So.2d 105, 107. (Footnotes omitted.)
It has been said that this doctrine is merely one of practice or court policy, and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in its application. The doctrine should not be applied where to do so would accomplish an obvious injustice, or where the former appellate decision was clearly, palpably, or manifestly erroneous. See Petition of Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973); Wascomb v. American Indemnity Corporation, 383 So.2d 1037 (La.App. 1st Cir. 1980), writ granted 385 So.2d 256 (La.1980).
Most of the cases dealing with the law of the case principle concern reconsideration on a subsequent appeal of a question of law decided on a former appeal. In the instant case, the prior decision of this court was not rendered in a full appeal. Rather, that there is no cause of action against the state for the torts of municipal policemen was implicitly recognized in this court's issuance of an alternative writ ordering the trial court to maintain the peremptory exception. Therefore, can an issue decided on writs be equated to a former appeal, thus involving the law of the case principle?
*23 In Coney v. Coney, 218 La. 218, 48 So.2d 902 (1950), the Supreme Court in recalling a writ extended the time period within which the relator could perfect an appeal. In seeking a dismissal of the appeal appellee argued that the Supreme Court was without authority to extend the time within which to perfect an appeal. Justice Hamiter as the organ of the court held that the appellee's argument was inappropriate at that point in time and should have been made earlier. He further held that the earlier decree of the Supreme Court issued in conjunction with the order recalling the writ constituted the law of the case. Although the Coney case is not exactly "on all fours" with the instant case, it does illustrate that the law of the case principle applies to all decisions of an appellate court, not merely those arising from the full appeal process.
We are of the opinion that the law of the case principle is applicable in this case. This court has spoken by the issuance of the alternative writ, albeit only the relator therein presented written argument. There was no impediment existing to prevent respondents from filing a brief in opposition to the writ application or from taking the alternative by filing a brief as to why the writ should not be made peremptory. Thus respondents in the writ and plaintiffs-appellants herein waived their day in court.
Finally, we have examined the merits of the exception of no cause of action and conclude that the previous decision of this court as expressed by the issuance of the writ was not clearly, palpably or manifestly erroneous.
Considering the above, we pretermit any discussion of the second issue.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants' costs.
AFFIRMED.
NOTES
[*] Shortess, J., dissents and would grant a rehearing.