GOTHARD, Judge.
This case deals with alleged faulty automobile repairs done by plaintiff service station owner, William A. Lord, to a Cadillac owned by defendants Sandra Broussard and her company, Lagniappe of New Orleans, Inc. Defendants appeal from judgment in favor of plaintiff.
On September 23, 1985 defendant Brous-sard brought the Cadillac to plaintiffs Amoco station in Kenner, Louisiana complaining of a yellowish-green, oily substance which leaked from the automobile onto her carport. Plaintiff performed repairs to the transmission and filled the gas tank for $102.45. On September 26, 1985 defendant Broussard had plaintiff do a tune-up and replace parts for $169.62. Defendant Broussard paid these two bills with a Visa charge card issued in the name of her company Lagniappe of New Orleans, Inc. On October 7, 1985 the automobile overheated and defendant Broussard had it towed to Mclllwain Cadillac for repairs. Mclllwain Cadillac replaced a broken water pump and refilled the automobile with coolant for $216.50 on October 8, 1985. On October 13, 1985 defendant Broussard had Visa cancel the payments to plaintiffs service station.
Plaintiff sued for payment in the Second Justice of the Peace Court on November 21, 1985. On January 18, 1986 there was judgment by default against defendant Broussard personally and in favor of plaintiff for $322.00 ($282 repair bills, plus $40 court costs).
On January 21, 1986 defendant Brous-sard appealed for a trial de novo to Sécond Parish Court of Jefferson Parish. In addition, defendants[1] reconvened for damages in the amount of $1200.00 ($45 towing; $300 inconvenience, harrassment, and aggravation; $855 damages to engine due to engine overheating). On April 18, 1986 judgment was rendered in favor of plaintiff, affirming the Second Justice of the Peace Court.
On April 24, 1986 defendants suspensively appealed to this court. On April 14, 1987 this court ordered the matter converted to an application for supervisory writs, LSA-C.C.P. art. 4924,[2] the merits of the application to be treated accordingly. See, City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985). Thereafter, on May 4, 1987 this court denied the writ and declined to exercise its supervisory jurisdiction, finding, after due consideration of the entire record, that “the record of the trial court exhibits no manifest error.” The matter was then relodged by the defendants as an appeal on this court’s appellate docket on September 14, 1987.
The same jurisdictional defect as existed when the matter was first denied appellate jurisdiction on April 14,1987, still precludes our appellate review of the case, LSA-C.C.P. art. 4924. In addition, we decline to convert for a second time this matter to an application for supervisory jurisdiction for two reasons. First, the matter was relodged using an inactive appeal order, that is the same appeal order from which defendants’ previous appeal was lodged. Second, we find nothing to convince us that our prior ruling (declining to *460 exercise our supervisory jurisdiction on May 4, 1987), is incorrect and we hold it is now the “law of the case” and should be so applied. This principle applies to all decisions of an appellate court, not merely those arising from the full appeal process. Coney v. Coney, 218 La. 218, 48 So.2d 902 (1950); Brumfield v. Dyson, 418 So.2d 21 (La.App. 1 Cir.1982) writs denied 422 So.2d 162; Mihalopoulos v. Westwind Africa Line, Ltd., 511 So.2d 771 (La.App. 5 Cir.1987). However, this doctrine is merely one of court policy, and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in its application. The doctrine should not be applied when to do so would accomplish an obvious injustice, or where the former appellate decision was clearly, palpably, or manifestly erroneous. Brumfield v. Dyson, supra.
In our original examination of the record in this matter we found, as did the trial court, that the Cadillac was repaired by plaintiff in a workmanlike manner, and that the water pump broke after these repairs. At that time, we considered defendants’ argument that plaintiff should be liable for faulty repairs since he did not discover and repair the coolant leak after being alerted by defendant Broussard to the leak of a greenish yellow oily substance. On the other hand, we noted that plaintiff testified that on September 23, 1987 he put 17 psi of pressure on the Cadillac’s coolant system and found no leak. The lower court apparently did not disbelieve the plaintiff’s testimony which supported its conclusion, that the water pump broke subsequent to repairs made by plaintiff and after the Cadillac had left his service station. We find no manifest error in this conclusion.
Further, although the defendants’ expert mechanic, in proffered testimony, stated that the leak caused rusting under the automobile which made him think the leak had existed about a month prior to when he looked at it on October 7, 1985, he also testified that the automobile could have been driven only 50-75 miles with such a leak before the coolant would completely drain and the car would overheat. The record showed that between September 23, 1985 when the car was repaired at plaintiff’s service station, and October 7, 1985 when the water pump was repaired at Mclllwain, that it was driven some 300 miles. The defendants’ expert mechanic also testified that the repairs done by plaintiff were not faulty.
Accordingly, we are of the opinion (for the same reasons as we observed when we previously examined this record), that our prior ruling as expressed by the denial of defendants’ writ application on May 4, 1987, was not clearly, palpably or manifestly erroneous, and we decline to reconsider the case any further.
For the above stated reasons this case is dismissed at defendants’-appellants’ cost. This court has neither appellate nor supervisory jurisdiction over the matter. Appellants are cast for all costs.
JUDGMENT BELOW MAINTAINED; CASE DISMISSED ON THE COURT’S OWN MOTION.

. By plaintiffs’ supplemental and amending petition, Lagniappe of New Orleans, Inc. was made an additional defendant.

. LSA-C.C.P. art. 4924. Appeals from justice of the peace courts; district courts with concurrent jurisdiction
A.Appeal from a judgment rendered by a justice of the peace court or a clerk of court shall be taken to the parish court or, if there is no parish court, to the district court of the parish in which the justice of the peace court is situated.
B. The case is tried de novo on appeal.
C. No further appeal from the judgment of the parish or district court is allowed.
D. Supervisory jurisdiction of the proceedings in the parish or district court may be exercised by the court of appeal which otherwise would have had appellate jurisdiction.