# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2022 KA 0938

## STATE OF LOUISIANA

## VERSUS

## TRE'ANTHONY JAMES

Judgment Rendered: **MAY 1 8 2023**

\* \* \* \* \* \* \*

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 39,734

Honorable Cody M. Martin, Judge Presiding

\* \* \* \* \* \* \*

Jeff Landry
Attorney General
J. Taylor Gray
Grant Lloyd Willis
Matthew B. Derbes
Assistant Attorneys General
Baton Rouge, Louisiana

Attorneys for Appellee,
State of Louisiana

Lieu T. Vo Clark
Mandeville, Louisiana

Attorney for Defendant/Appellant,
Tre'Anthony James

\* \* \* \* \* \* \*

**BEFORE: WELCH, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

The defendant, Tre' Anthony James, was charged by grand jury indictment with two counts of first degree rape, violations of La. R.S. 14:42. He pled not guilty and, following a jury trial, he was found guilty as charged on count 1. On count 2, he was found guilty of the responsive offense of second degree rape, a violation of La. R.S. 14:42.1. The defendant filed a motion for new trial as to both counts, which was granted. The State filed an application for supervisory writ. This court granted the State's writ, reversed the trial court ruling granting a new trial, reinstated the convictions on both counts, and remanded for sentencing. The State filed a habitual offender bill of information. Following a hearing on the matter, the defendant was adjudicated a second-felony habitual offender.[1] For the first degree rape conviction, the trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. For the second degree rape conviction, the trial court imposed an enhanced sentence of twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently. The defendant now appeals, designating one assignment of error. We affirm the convictions and sentences.

## FACTS

J.W.[2] was an inmate at the Ascension Parish Jail, housed in the same dorm as the defendant and Kaglin Green.[3] According to J.W., on the night of January 10, 2017, he was at a table in the dayroom, a common area in the dorm. The following is J.W.'s account of what then occurred. Green approached J.W. and, when J.W. told Green he would not give Green his food portions the next day, Green "choked

---

[1] The defendant has a prior conviction for simple burglary.

[2] The victim is referred to herein by his initials. See La. R.S. 46:1844(W).

[3] In his testimony, J.W. refers to Green as "Cash."

2

out" J.W. Green held J.W. down over the table, with his arms behind his back and face on the table. The defendant then held J.W. down while Green went to the cell, obtained a razor blade, and gave it to the defendant. The defendant cut open the lower back of J.W.'s jumpsuit. The defendant and Green pulled down J.W.'s pants and underwear and put plastic gloves over their penises. The defendant lubricated the glove with lotion and anally raped J.W.[4] Later that same night, Green anally raped J.W. While apparently no struggle was involved, J.W. relented after Green repeatedly asked him to have sex because J.W. felt resisting would have been futile.

The following is J.W.'s account of what occurred the following day, January 11, 2017. J.W. was reading in his bunk. The defendant told J.W. he wanted to talk to him in the dayroom. J.W. went to the dayroom. The defendant repeatedly asked J.W. to have sex, but J.W. refused. The defendant asked, "I'm not going to have to do what they do in the back, huh?"[5] The defendant then suggested that J.W. could give up, or the defendant could "just take it every night until he leaves" jail. J.W. felt he did not have a choice, so he "gave in." The defendant did not use a glove during this incident.

The defendant did not testify at trial.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the trial court should have granted his motion for new trial on the basis of newly discovered evidence that arose when, at Green's subsequent trial, J.W. testified inconsistently from his testimony at the defendant's trial. In response, the State argues that, pursuant to the law of the case doctrine, the defendant is procedurally foreclosed from arguing

---

[4] Green was indicted as a principal to first degree rape for his alleged participation in this incident.

[5] J.W. explained this meant if a person refused, he would be taken to the back, beaten into unconsciousness and raped.

this issue on appeal because this court already adjudicated the issue when it granted the State's writ. As discussed below, we find that the State's response has merit.

The law of the case doctrine embodies the rule that an appellate court ordinarily will not reconsider its own rulings on a subsequent appeal in the same case. The reasons for the law of the case doctrine are to avoid relitigating the same issue; to promote consistency of result in the same litigation; and, to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. *State v. Chandler*, 2017-0962 (La. App. 1 Cir. 12/21/17), 240 So. 3d 950, 952. The doctrine applies to all prior rulings or decisions of an appellate court or the Supreme Court in the same case, not merely those arising from the full appeal process. *Brumfield v. Dyson*, 418 So. 2d 21, 23 (La. App. 1 Cir.), writ denied, 422 So. 2d 162 (La. 1982). The law of the case doctrine is not an inflexible law, thus appellate courts are not absolutely bound by it and may exercise discretion in its application. The doctrine is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. *Chandler*, 240 So. 3d at 952-53.

In the instant matter, following his conviction, the defendant filed a motion for post judgment verdict of acquittal and motion for new trial, which the trial court denied. Thereafter, Green was tried for his role in the January 10, 2017 incident. Following Green's acquittal, the defendant filed a second motion for post judgment verdict of acquittal and motion for new trial, alleging newly discovered evidence stemming from Green's trial. The defendant argued that J.W. testified inconsistently in the two trials. The matter was set for hearing, and, following the hearing, the trial court took the matter under advisement.

On October 8, 2020, the trial court signed a judgment granting the defendant's motion for new trial. In its accompanying reasons for judgment, the

trial court stated:

> This Court is of the opinion that an injustice is surely done to a defendant who is found guilty of First Degree Rape, which carries a life sentence, when there are such glaring discrepancies in the victim's statements, and the defense was not notified of relevant evidence of another alleged rape by a different perpetrator before trial, which may have allowed it to form a more adequate defense. It is impossible to know whether the jury relied on the alleged fact that Green assisted [the defendant] in the January 10[th] rape to find him guilty of First Degree Rape, but if the basis of the conviction was the jury's finding that two or more offenders participated in the act, then the conviction should be overturned based on the victim's subsequent retraction of his statements at the trial of Kaglin Green. Likewise, it is impossible to know whether the jury found [the defendant] guilty of First Degree Rape based on him having a dangerous weapon (i.e., a razorblade), but if that was the basis for the verdict, then the conviction should be overturned based on the victim's admission in Green's trial that he never actually saw the razorblade. The inconsistency in the victim's statements creates sufficient doubt to cause one to question whether a just verdict was reached by the jury for First Degree Rape. As such, the Motion for New Trial is granted as to the January 11[th], 2017 incident.
>
> Similarly, the victim's inconsistent statements regarding the January 10[th], 2017 incident, along with the revelation during trial that the victim was also penetrated by another perpetrator during the relevant time period, leads this Court to believe that the ends of justice would be served if the Defendant were also granted a new trial for the January 11[th], 2017 incident. As such, the Defense's Motion for New Trial as to both counts in the November 5, 2018 indictment is granted. (R 165-66)

The State filed an application for supervisory writ, which was granted by this court. *State v. James*, 2020-1199 (La. App. 1 Cir. 2/18/21), 2021 WL 640062 (unpublished), cert. denied, 2021-00400 (La. 6/1/21), 316 So. 3d 834. In reversing the trial court's granting of a new trial, this court specifically found:

> There are six circumstances under which a defendant can be convicted of first degree rape.[6] See La. R.S. 14:42(A). Even discounting the two circumstances noted in the district court's ruling, the victim's uncontroverted testimony established he resisted the act to the utmost, but his resistance was overcome by force. Thus, the defendant's conduct appears to meet at least one of the remaining circumstances for first degree rape. Furthermore, the court failed to identify any legal error regarding the jury verdict on count two. Therefore, the State's writ is granted, the ruling granting a new trial on both counts is reversed, the convictions on both counts are reinstated, and this case is remanded to the district court for sentencing on both counts.

---

[6] In 2022, the law was amended, and a seventh circumstance was added.

5

The defendant filed a writ of certiorari with the Louisiana Supreme Court, which was denied, along with an application for reconsideration. *State v. James*, 2021-00400 (La. 6/1/21), 316 So. 3d 834.

In this instant appeal, the defendant argues that the trial court's October 8, 2020 ruling was based on J.W.'s inconsistent statements creating sufficient doubt in whether a just verdict was reached by the jury in the defendant's trial. Thus, the defendant argues that as the trial court's ruling did not grant a new trial based on newly discovered evidence that goes to the credibility of the victim in a retrial, this court did not have the opportunity to address that legal basis for a new trial. However, on appeal, the defendant fails to identify any additional facts or evidence that were not previously considered by this court that would warrant reconsideration of this court's writ disposition. See *State v. Williams*, 2014-0630 (La. App. 4 Cir. 12/18/14), 158 So. 3d 107, 111.

Finally, based upon our review of the record, as well as the applicable law, we conclude that the previous decision of this court as expressed by the granting of the State's writ was not clearly, palpably or manifestly erroneous. See *Brumfield*, 418 So. 2d at 23. Moreover, there is no indication that if the law of the case were applied in this instance, manifest injustice would occur. See *Chandler*, 240 So. 3d at 953.

Thus, we decline to reverse our previous opinion that the trial court abused its discretion by granting the defendant's motion for new trial.

**CONVICTIONS AND SENTENCES AFFIRMED.**